**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation,** ) ) ) **Plaintiff,** ) ) v. ) ) ) **KATELYNN BANKS, and** ) **MARYAM HUSSEIN,** ) ) **Defendants, and** ) ) **SHIMBLY CORPORATION, a Delaware corporation** ) ) ) **Nominal Defendant.** ) ) | **Case No. 21-cv-5752** **Hon. Judge Gary S. Feinerman** **Magistrate Judge Susan E. Cox** **JURY TRIAL DEMANDED** |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's Order of November 29, 2021 (Doc. No. 10) and this Court's standing orders, Derek Khanna, individually and derivatively on behalf of Shimbly Corporation ("Khanna" or "Plaintiff"), and Defendant Katelynn Banks ("Banks") and Nominal Defendant Shimbly Corporation ("Shimbly") ("Defendants") (Plaintiff and Defendants are collectively referred to herein as "Parties"), by their respective undersigned attorneys, and for their Joint Initial Status Report, state as follows:

**A.      Nature of the Case**

    **1.      Attorneys of Record:**

    Plaintiff is represented by:

    Hillard M. Sterling
    ARDC No. 6232655
    Clausen Miller, P.C.
    10 South LaSalle St., Ste. 1600
    Chicago, IL 60603
    hsterling@clausen.com
    (312) 606-7747

Defendants Banks and Shimbly are represented by:

Donald J. Angelini Jr.
Carly E. Kenny
Angelini, Ori & Abate Law
155 North Michigan Ave., Ste. 400
Chicago, IL 60601
dangelini@aoalawoffice.com
ckenny@aoalawoffice.com
(312) 621-0000

Defendant Maryam Hussein, who resides in Scotland, is in the process of being served, and has yet to appear.

2. **Basis for Federal Jurisdiction:** Plaintiff contends that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). The matter in controversy is between citizens of different states and the amount in controversy exceeds the sum and value of $75,000.00, exclusive of interest and costs.

Defendants Banks and Shimbly Corporation have a pending Motion to Dismiss Under Fed. R. Civ. P Rule 12 for Lack of Jurisdiction, or Alternatively to Compel Mediation. This Motion is set for Hearing on February 22, 2022.

3. **Nature of Claims:**

Plaintiff has brought this shareholder individual and derivative action against Defendant Banks, Nominal Defendant Shimbly, and Defendant Hussein, to seek damages and equitable relief based on the following claims: Count I for breaches of fiduciary duties (against Banks); Count II for aiding and abetting Banks's' breaches of fiduciary duties (against Hussein); Count III for fraudulent concealment (against Banks); Count IV for aiding and abetting Banks's fraudulent concealment (against Hussein); Count V for breaches of the Shimbly Agreements (against Banks); Count VI for wrongful and retaliatory discharge (against Banks); Count VII for violations of the Illinois Trade Secrets Act (against Banks); Count VIII for conversion (against Banks); Count IX for obstruction of justice in violation of the Illinois Whistleblower Act (against Banks); Count X for defamation (against Banks); Count XI for defamation (against Hussein); Count XII for false light (against Banks); Count XIII for false light (against Hussein); Count XIV for gross negligence (against Banks); Count XV for intentional infliction of emotional distress (against Banks); and Count XVI asserting Counts I, II, VI, VII, and VIII as derivative claims on behalf of Shimbly. Plaintiff is seeking the recovery of compensatory damages in the millions of dollars, punitive and/or exemplary damages for Defendants' willful and malicious conduct, attorneys' fees when permitted by law, interest and costs, and such other relief as the Court deems just and proper.

Defendants have not asserted counterclaims to date.

4. **Whether Defendants Will Answer or Otherwise Respond to the Complaint**

On January 7, 2022, Defendants Banks and Shimbly filed a Motion to Dismiss under Fed. R. Civ. P. 12 for Lack of Jurisdiction or, Alternatively, to Compel Mediation (the "MTD"). (Doc. No. 17.) Plaintiff will file an opposition to that motion.

Defendant Hussein, who resides in Scotland, is in the process of being served, and has not answered or otherwise responded to the Complaint to date.

### 5. Principal Legal and Factual Issues

Plaintiff submits that the principal legal and factual issues are: (1) whether and to what extent Banks breached her fiduciary duties to Plaintiff, and the nature and amount of damages caused by those breaches; (2) whether and to what extent Hussein aided and abetted Banks's breaches of fiduciary duties, and the nature and amount of damages caused by such aiding and abetting; (3) whether and to what extent Banks committed fraudulent concealment, and the nature and amount of damages caused by such fraudulent concealment; (4) whether and to what extent Hussein aided and abetted Banks's fraudulent concealment, and the nature and amount of damages caused by such aiding and abetting; (5) whether and to what extent Banks breached the Shimbly Agreements, and the nature and amount of damages caused by such breaches; (6) whether and to what extent Banks discharged Plaintiff wrongfully and in retaliation, and the nature and amount of damages caused by such wrongful and retaliatory discharge; (7) whether and to what extent Banks violated the Illinois Trade Secrets Act, and the nature and amount of damages caused by such violations; (8) whether and to what extent Banks committed conversion, and the nature and amount of damages caused by such conversion; (9) whether and to what extent Banks has obstructed justice in violation of the Illinois Whistleblower Act, and the nature and amount of damages caused by such obstruction; (10) whether and to what extent Banks has committed defamation, and the nature and amount of damages caused by such defamation; (11) whether and to what extent Banks has portrayed Plaintiff in a false light, and the nature and amount of damages caused by such alleged misconduct; (12) whether and to what extent Hussein has portrayed Plaintiff in a false light, and the nature and amount of damages caused by such alleged misconduct; (13) whether and to what extent Banks has committed gross negligence, and the nature and amount of damages caused by such gross negligence; (14) whether and to what extent Banks has committed intentional infliction of emotion distress, and the nature and amount of damages caused by such infliction; (15) whether and to what extent Plaintiff may recover for his derivative claims asserted on behalf of Shimbly in connection with Counts I, II, VI, VII, and VIII, and the nature and amount of resulting and recoverable damages.

Banks's and Shimbly's MTD raises issues regarding whether and to what extent the parties have any duty to engage in "binding mediation" in connection with any of Plaintiff's claims.

### 6. Status of Service

Defendants Banks and Shimbly have been served with process. (*See* Doc. No. 6, 7.)

Plaintiffs are in the process of serving Defendant Hussein, who resides in Scotland, in accordance with the Hague Convention and other governing law. Specifically, Plaintiff has

3

secured a summons issued to Defendant Hussein at her current address, and Plaintiff has retained LaSalle Process Servers to undertake and complete such service of process.

**B.     Proceedings to Date**

    **1.     Substantive Rulings to Date**

On December 16, 2021, the Court entered a default against Shimbly, which had yet to appear or respond to the Complaint as of that date. (Doc. No. 12.) The Court held that it "will vacate the default if Defendant Shimbly Corporation files a responsive pleading by 1/12/2022." *Id.* On January 7, 2022, Defendant Shimbly (and Defendant Banks) filed their MTD. This Court's January 12, 2022 Minute Order vacated the Rule 55(a) default against Defendant Shimbly Corporation given its responsive pleading. (Doc. No. 19). Plaintiff submits that he will oppose the MTD on multiple independent grounds, including Defendant Shimbly's failure to file a responsive pleading in accordance with the Court's order.

    **2.     Description of all Pending Motions**

Defendant Banks's and Shimbly's MTD seeks dismissal for lack of subject-matter jurisdiction, or alternatively an order to compel mediation. (Doc. No. 17.) The MTD is set for presentment on January 19, 2022, at 9:00 a.m., at the Court's Initial Status Hearing. (Doc. No. 18.) Plaintiff will be filing an opposition to the MTD. The MTD is set for Hearing on February 22, 2022.

**C.     Discovery and Case Plan**

    **1.     Summary of Discovery That Has Occurred**

The Parties have engaged in their Rule 26(f) and L.R. 26.1 conference on January 5, 2022, and they have agreed and stipulated to serving their Rule 26(a)(1) initial disclosures on or before January 26, 2022. Defendants Banks and Shimbly Corporation intend on filing a Motion to Stay Discovery prior to this matter's Initial Status Hearing on January 19, 2022 due to the pending Motion to Dismiss, or Alternatively, Compel Mediation, which is scheduled for Hearing on February 22, 2022. Plaintiff intends to oppose the prospective motion to stay discovery.

    **2.     Discovery of Electronically Stored Information**

The Parties agree to meet and confer regarding the scope, timing, and specifications of the production of electronically stored information ("ESI"), including the search terms to be used by the Parties in connection with their ESI requests, and the identification of custodians whose email accounts are to be searched. The Parties further expect to meet and confer regarding the form for the production of ESI, so that the documents are accessible and searchable.

    **3.     Proposed Scheduling Order**

Defendants Banks and Shimbly Corporation intend on filing a Motion to Stay Discovery until their Motion to Dismiss is determined by this Court on February 22, 2022. Plaintiff intends to oppose the prospective motion to stay discovery. The parties have agreed to discuss discovery with the court at the Initial Status Hearing scheduled for January 19, 2022.

In the event that this Court is not inclined to stay discovery, the Parties respectfully submit the following proposed scheduling order:

      a.      Deadline for Rule 26(a)(1) disclosures:  January 26, 2022
      b.      Deadline for issuing written-discovery requests:  February 28, 2022
      c.      Deadline for completing fact discovery:  September 30, 2022
      d.      Whether discovery should proceed in phases:  The Parties propose that discovery should not proceed in phases, except for separate phases for fact and expert discovery, as proposed below.
      e.      Whether expert discovery is contemplated and, if so, deadline for Rule 26(a)(2) disclosures and expert depositions:  The Parties contemplate expert discovery, and propose to serve Rule 26(a)(2) expert disclosures by October 31, 2022, and take expert depositions by December 30, 2022.
      f.      Deadline for amending the pleadings and bringing in other parties:  March 31, 2023
      g.      Deadline for filing dipositive motions:  February 29, 2023

**4.** **Whether There Has Been a Jury Demand**:  Plaintiff has filed a jury demand.

**5.** **Estimated Length of Trial:**  The Parties estimate 10 trial days.

**D.** **Settlement**

    **1.** **Settlement Discussions to Date**

The Parties have not engaged in settlement discussions to date.

    **2.** **Settlement Conference**

The Parties do not request a settlement conference at this time.  The Parties anticipate that they ask the Court to hold a settlement conference after they have had a meaningful opportunity to engage in substantive discovery.

**E.** **Magistrate Judge**

    **1.** **Whether Parties Consent to Proceed Before Magistrate Judge for All Purposes**

The Parties do not consent to proceed before a magistrate judge for all purposes.

    **2.** **Matters Already Referred to Magistrate Judge**

The Court has not referred any discovery or other matters to a magistrate judge at this time.

Respectfully submitted,

| PLAINTIFF DEREK KHANNA | DEFENDANT KATELYNN BANKS |
| --- | --- |
| | DEFENDANT SHIMBLY CORPORATION |
| | |
| By: /s/ Hillard M. Sterling | By: /s/ Donald J. Angelini, Jr. |
| | |
| Hillard M. Sterling | Donald J. Angelini Jr. |
| ARDC No. 6232655 | ARDC No. 6194334 |
| Clausen Miller, P.C. | Angelini, Ori & Abate |
| 10 South LaSalle St., Ste. 1600 | 155 North Michigan Ave., Ste. 400 |
| Chicago, IL 60603 | Chicago, IL 60601 |
| hsterling@clausen.com | dangelini@aoalawoffice.com |
| (312) 606-7747 | (312) 621-0000 |
| One of Plaintiff's Attorneys | One of Defendants' Attorneys |