UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| KATELYNN BANKS, MARYANN HUSSEIN, and SHIMBLY CORPORATION, | ) ) ) ) |
| Defendants. | ) |

21 C 5752

Judge Gary Feinerman

### MEMORANDUM OPINION AND ORDER

Derek Khanna brings this suit under the diversity jurisdiction against his former business associates, Katelynn Banks and Maryann Hussein, and their company, Shimbly Corporation, asserting various state law claims. Doc. 1. It does not appear from the docket that Hussein has been served. Banks and Shimbly move to dismiss the suit for lack of jurisdiction under Civil Rule 12(b)(1) or, alternatively, to compel mediation. Doc. 17. The motion is denied insofar as it seeks dismissal and is granted in part insofar as it seeks to compel mediation.

### Background

Defendants present only a facial challenge to subject matter jurisdiction. *See Apex Digit. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (contrasting a facial challenge to jurisdiction, which contests only the sufficiency of the pleadings, with a factual challenge, in which "external facts call[] the court's jurisdiction into question"). When considering such a motion, "the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir.

1

2015) ("[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal*'s 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)."). In setting forth the facts at this stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Khanna and Banks co-founded Shimbly, a real estate startup, and reached a verbal agreement regarding Khanna's salary that they later memorialized in writing. Doc. 1 at ¶¶ 13-20. Along with non-party Theophile Khayat, Khanna and Banks then signed a contract titled "Shimbly Founders' Collaboration Agreement," Doc. 1-1, which allocated rights and responsibilities for the company's ownership and management. Doc. 1 at ¶¶ 21-33. The complaint alleges that Banks breached her contractual and fiduciary obligations, committed fraud, attempted to enrich herself at the company's expense, and obstructed Khanna's whistleblowing efforts. *Id*. at ¶¶ 42-72. The complaint further alleges that Banks prepared a defamatory report about Khanna, which served as a pretext for firing him in November 2020. *Id*. at ¶¶ 73-82.

The Agreement's alternative dispute resolution ("ADR") provision states in pertinent part: "In the event that the Founders are not able to agree on a separation agreement, the Founders will submit to a binding confidential mediation … ." Doc. 1-1 at 4. The Agreement does not define "separation agreement" or "binding confidential mediation." The parties did not enter a separation agreement or submit to mediation prior to Khanna's firing. Doc. 1 at ¶ 82.

After Khanna's firing, but before he filed this suit, Shimbly sued him in Illinois state court for breach of fiduciary duty, fraud and misrepresentation, and negligence. Doc. 30-1.

Shimbly voluntarily dismissed that case, Doc. 30-2, and no mediation occurred in connection therewith. Doc. 30 at 8-9; Doc. 31 at 3.

## Discussion

Defendants' challenge to subject matter jurisdiction is meritless. The court has jurisdiction regardless of the ADR provision's enforceability. *See Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 949-50 (7th Cir. 2020) (holding that "a contractual right-to-arbitrate argument" is not "a jurisdictional argument"). The complaint alleges facts supporting diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1 at ¶¶ 6-10. Accordingly, Defendants' motion is denied insofar as it seeks dismissal for lack of subject matter jurisdiction. *See Royce*, 950 F.3d at 950 ("[I]f there is an independent basis for federal jurisdiction, an arbitration provision does not strip the federal court of its jurisdiction.").

Alternatively, and invoking the Federal Arbitration Act, Defendants ask the court to stay this suit and to compel "binding confidential mediation" pursuant to the ADR provision. Doc. 17 at 5; *see Davis v. Fenton*, 857 F.3d 961, 962 (7th Cir. 2017) ("[T]he Federal Arbitration Act, 9 U.S.C. § 3, provides that when the parties to a dispute litigable in federal court have a written agreement to arbitrate their dispute, either of the parties is entitled to stay the trial of the action until the arbitration is complete … ."). The court need not decide whether "binding confidential mediation" qualifies as "arbitration" within the meaning of the Act, for "agreements to engage in alternative dispute resolution must be enforced, if they are valid as a matter of state contract law, whether or not they are aptly labeled 'arbitration.'" *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 929 (7th Cir. 2008) (citing *Omni Tech Corp. v. MPC Sols. Sales, LLC*, 432 F.3d 797 (7th Cir. 2005)). Khanna and Banks agree that the Agreement is a valid, enforceable

3

contract between them, Doc. 1 at ¶ 112; Doc. 17 at 4, and their sole dispute concerns whether Khanna's claims fall within the ADR provision's scope.

As noted, the ADR provision covers only the failure "to agree on a separation agreement," with "separation agreement" left undefined. Doc. 1-1 at 4. "Undefined contractual terms are typically afforded their plain and ordinary meanings unless the agreement unequivocally specifies nuanced connotations … ." *Prestwick Cap. Mgmt., Ltd. v. Peregrine Fin. Grp., Inc.*, 727 F.3d 646, 656 (7th Cir. 2013) (internal quotation marks and alteration omitted); *see Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 316 (Ill. 2006) (examining dictionary definitions to ascertain the "plain, ordinary, and popular meanings" of undefined contractual terms). As relevant here, "separation" is the "[c]essation of a contractual relationship, esp. in an employment situation," *Separation*, Black's Law Dictionary (11th ed. 2019), and "agreement" is "[a] mutual understanding between two or more persons about their relative rights and duties regarding past or future performances," *Agreement*, Black's Law Dictionary (11th ed. 2019). It follows that the term "separation agreement" in the ADR provision refers to a mutual understanding regarding the parties' rights and duties in connection with the cessation of their business or employment relationship.

Four of Khanna's claims implicate his and Banks's failure to reach a separation agreement. First, the fiduciary duty claim concerns the lack of a separation agreement insofar as Banks's alleged breach of her fiduciary duties arose from Khanna's termination. Doc. 1 at ¶ 97 ("[Banks] has breached her fiduciary duties … through her wrongful and retaliatory … discharge of Plaintiff."). Second, the contract claim concerns the lack of a separation agreement insofar as Khanna alleges that Banks "breach[ed] her duty to submit disputes over the failure to agree on a separation agreement … to binding confidential mediation," *id.* at ¶ 113(f), and breached their

4

salary agreement by firing him, *id*. at ¶ 114, as his salary was a right of his employment. Third, the wrongful and retaliatory discharge claim concerns the lack of a separation agreement, as Khanna alleges that his firing was wrongful because it occurred without a separation agreement and without mediation. *Id*. at ¶¶ 82, 121. Fourth, the Illinois Whistleblower Act claim concerns the lack of a separation agreement insofar as Khanna alleges that his firing was retaliatory within the meaning of the Act. *Id*. at ¶ 135. After all, had the parties reached a separation agreement, his departure from Shimbly would have been voluntary, not retaliatory.

Khanna and Banks accordingly must mediate those four claims. Those claims are not brought against Shimbly, *id*. at ¶¶ 94-99, 111-122, 133-136, which is only a nominal defendant, *id*. at ¶ 9. *See SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) ("A 'nominal defendant' is a person who can be joined to aid the recovery of relief … [but] has no interest in the subject matter litigated. … Because of the non-interested status of the nominal defendant, there is no claim against him … ."). The court therefore need not decide whether Shimbly can enforce the ADR provision even as a non-party to the Agreement.

Khanna argues that Banks waived the ADR provision, or breached it first, by previously suing him in state court. Doc. 30 at 7-10. But Shimbly, not Banks, brought the state court suit. Doc. 30-1 at 1. Because the company "is a distinct legal entity, separate from its shareholders, directors, [and] officers," *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 650 (7th Cir. 2015), it follows that *Banks* did not waive or breach the ADR provision, even if she caused Shimbly to bring the suit as its officer or director.

## Conclusion

Defendants' motion is granted in part and denied in part. Khanna and Banks must "submit to binding confidential mediation" of Khanna's claims for breach of fiduciary duty

5

(insofar as the claim arises from his termination), breach of contract (for failure to submit to mediation and for breach of the salary agreement), wrongful and retaliatory discharge, and violations of the Illinois Whistleblower Act. Those claims are stayed. *See Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) ("As we have emphasized in a variety of contexts, district courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum rather than dismiss it if, should it be dismissed, there might later be grounds for reinstating it."). The discovery stay, Doc. 27, is lifted as to the remaining claims, and Defendants shall file a responsive pleading as to those claims by April 20, 2022.

April 6, 2022

                                                                                                United States District Judge