**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation,** ) ) ) **Plaintiff,** ) ) **v.** ) ) ) **KATELYNN BANKS,** *et al.*, ) ) **Defendants.** ) ) | **Case No. 21-cv-5752** **Hon. Judge Virginia M. Kendall** **Magistrate Judge Susan E. Cox** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR RULE 37(b)(2) SANCTIONS AND FOR RULE TO SHOW CAUSE (DOC. NO. 90)**

Plaintiff Derek Khanna, individually and derivatively on behalf of Shimbly Corporation ("Plaintiff"), by and through his undersigned counsel, hereby files his Supplemental Memorandum in Support of his Motion for Rule 37(b)(2) Sanctions and for Rule to Show Cause as to Why Defendants Should Not Be Held in Contempt for Multiple Violations of This Court's 11/9 Order (the "Motion for Sanctions," Doc. No. 90), and in further support thereof states as follows:

**INTRODUCTION**

Plaintiff is filing this Supplemental Memorandum in order to update the Court regarding the parties' efforts to meet-and-confer regarding the discovery deficiencies on which Plaintiff's Motion for Sanctions is based. (*See* Order of 2/3/23 (the "2/3 Order") (requiring the parties to "meet and confer regarding remaining issues" raised in the Motion for Sanctions). Unfortunately, despite Plaintiff's repeated efforts to meet-and-confer as ordered by the Court, Defendants have failed to undertake any efforts whatsoever to do so, or even respond to Plaintiff's efforts.

1

At the 2/3/23 hearing, Defendants' counsel represented that he needed additional time to respond to the Motion for Sanctions because he "inherited this case" and was hindered by an ice storm in the Dallas area, where he resides and works. As discussed below, however, Defendants' counsel has been involved in the parties' dispute long before he appeared in this case, and he had many months to comply with the 11/9 Order in any event.

The Court agreed to give the parties additional time to meet-and-confer, and memorialized that directive in the 2/3 Order. On February 9, 2023, Plaintiff's counsel initiated that process by sending a letter that detailed Defendants' non-compliance with the 11/9 Order and posed specific issues and inquiries for the parties to address to narrow the pending discovery issues.

Defendants, however, failed to respond to that letter, or to Plaintiff's counsel's subsequent inquiries, in direct violation of the 2/3 Order. Nor have Defendants made any affirmative efforts to meet-and-confer as ordered. Simply (and accurately) stated, Defendants has failed to undertake *any efforts whatsoever* to meet-and-confer with Plaintiff as ordered by the Court.

Also, Defendants' contemptuous failures have resulted in evidence spoliation. Plaintiff's Motion for Sanctions discusses the known spoliation that already has occurred (Doc. No. 90, at pp. 10-11), and spoliation continues with each passing day of Defendants' non-compliance. One recent example involves Shimbly's project-management system, on a platform called Wrike, which the Court compelled in the 11/9 Order. The Wrike account now appears to have been deleted as of February 26, 2023, almost four months after the 11/9 order, over one month after Plaintiff filed the Motion for Sanctions, and weeks after Plaintiff's counsel sent a letter (on February 9, 2023, as discussed below) specifically warning about the impending deletion of the Wrike account and requesting Defendants to preserve it, all of which were ignored by Defendants.

Plaintiff respectfully submits that Defendants' ongoing failures to meet-and-confer and/or respond to Plaintiff's efforts – for almost five (5) weeks after the 2/3 hearing – is in direct violation of the 2/3 Order, which unfortunately continues the pattern of contemptuous conduct that necessitated the Motion for Sanctions in the first instance. Accordingly, Plaintiff respectfully requests that the Court include Defendants' recent and ongoing non-compliance as an additional ground on which to order stringent sanctions against Defendants' contemptuous conduct that has stalled discovery and caused this case to languish since Plaintiff served his document requests almost one year ago, on April 8, 2022, despite (and in violation of) the 11/9 Order compelling production of specific missing documents.

**CHRONOLOGY OF DEFENDANTS' CONTINUED CONTEMPTUOUS MISCONDUCT**

**A.     At the 2/3/23 Hearing, Defendants Promised to Engage in Meet-and-Confer Discussions Regarding Their Failures to Comply With the Court's 11/9 Order.**

On February 3, 2023, the Court held a hearing to address Plaintiff's Motion for Sanctions and address the parties' respective positions. At the hearing, Defendants' counsel focused on the need to engage in additional meet-and-confer discussions in order to attempt to address and narrow the multiple independent discovery deficiencies raised by Plaintiff's Sanctions Motion.

Specifically, Defendants' counsel stated that he "understand[s] why [Plaintiff's counsel] felt the need to file this motion." (Sterling Aff., Exh. A attached hereto, at Exh. 1, 9:6-7.) As he explained, "it's partly because we keep running up to the end of the fact discovery deadline, and we're having to go through and just – we both want to get everything out in the open and on the table and – so we can move on and finish up depositions." (*Id.* at 9:8-12.) Towards that purported end, Defendants' counsel stated that "it would be helpful if we just went ahead and put a briefing schedule in place, because I think by the time we get to – if this Court would do that, I think by the time we get through the motion, we would drastically narrow down the issues." (*Id.* at 10:17-

3

21.) Defendants' counsel then concluded by stating that he and Plaintiff's counsel "have a very productive relationship on getting these things through. And the pressure right now that I know that [Plaintiff's counsel] is feeling is that all of that is great, but if we run up into the end of the discovery deadline, he's in a bad position." (*Id.* at 11:17-21.)

**B.**     **At and After the 2/23/23 Hearing, the Court Ordered the Parties to Meet and Confer Regarding the Issues Raised by Plaintiff's Motion for Sanctions.**

After hearing Defendants' counsel's commitment to cooperate and meet-and-confer, the Court agreed to "enter and continue the motion to compel [to sanction] for four weeks. So you work together with trying to give him what he's requesting." (*Id.* at 12:1-2.) The Court further held that "I'll have a status hearing with you in four weeks. At that status hearing, you can tell me what's left. If there are still items that are left, we will have you respond to that in your written response, and I'll deal with it." (*Id.* at 12:3-6.)

The Court then entered an order requiring the parties "to meet and confer regarding remaining issues." (Doc. No. 96.) Accordingly, the Court entered and continued Plaintiff's Motion for Sanctions for five weeks, to March 10, 2023, when the parties were expected to discuss their progress in meeting and conferring to resolve and narrow the discovery issues. (*Id.*)

**C.**     **Despite Plaintiff's Repeated Efforts, Defendants Failed to Engage in Any Meet-and-Confer Discussions or Produce Any of the Missing or Spoliated Documents.**

In accordance with the Court's directive, Plaintiff's counsel sent a letter to Defendants' counsel on February 9, 2023 (the "2/9/23 Letter"). (Sterling Aff., Exh. A attached hereto, at Exh. 2.) In that letter, Plaintiff's counsel began by stating as follows: "I appreciate that the parties have committed to work together and attempt to resolve/narrow issues before the hearing on March 10, 2023. To further our efforts, I am writing to list specific issues that we need to address, and attempt to resolve, for each of the document categories discussed in the sanctions motion." (*Id.* at p. 1.)

4

Plaintiff's counsel's letter then detailed the five (5) specific categories of documents compelled by the Court in its 11/9 Order, and asked specific questions based on the parties' prior communications regarding each of those categories. (*Id.* at pp. 1-5.) The letter concluded by seeking Defendants' counsel's "prompt responses to the above issues and inquiries, so that the parties have a fair opportunity to address and potentially resolve at least some of the issues raised by the pending motion." (*Id.* at p. 5.)

Unfortunately, Defendants' counsel opted to ignore Plaintiff's counsel rather than meet-and-confer. Defendant's counsel never responded to Plaintiff's 2/9/23 letter. Nor did Defendants' counsel respond to Plaintiff's counsel's follow-up inquiries. On February 28, 2023, Plaintiff's counsel sent an email informing Defendants' counsel that "I haven't heard back in response to my 2/9 letter. We are almost one month since the 2/3 hearing, and quickly approaching the 3/10 status hearing, with no real progress on addressing the issues raised in the pending sanctions motion. That was the purpose of my 2/9 letter – to list the issues and tee up a discussion, hopefully involving our clients. However we are running out of time to make meaningful progress before the hearing." (Sterling Aff., Exh. A attached hereto, at Exh. 3.)

Defendants' counsel did not respond to that inquiry, or initiate any meet-and-confer efforts as ordered, and now the parties are out of time to make meaningful – or any – progress. Worse, Defendants' failures and contempt have resulted in the spoliation of evidence. Plaintiff's Motion for Sanctions discusses some of the spoliation about which Plaintiff knows (Doc. No. 90, at pp. 10-11), and spoliation risks and realities continue to intensify. One recent example involves the Wrike project-management system, which appears to have been permanently deleted as of February 26, 2023, long after the 11/9 order and Plaintiff's Motion for Sanctions. As discussed in the Motion for Sanctions, the Wrike account was deleted as of August 26, 2022. (Doc. No. 90, at

5

p. 10.) Plaintiff then received notice that Wrike would delete Shimbly data six (6) months thereafter, on February 26, 2023, and in the 2/9 Letter, Plaintiff's counsel specifically warned Defendants' counsel about that impending deletion. (Sterling Aff., Exh. A attached hereto, at Exh. 4, p. 4.) Nevertheless, Defendants did nothing to preserve the Wrike account. Plaintiff's ongoing and severe prejudice, in other words, has become irreparable.

Accordingly, Plaintiff respectfully submits that Defendants' total failures to initiate any discussions or even respond to Plaintiff's efforts – including in Plaintiff's 2/9/23 Letter and 2/28/23 email – violate the Court's 2/3/23 Order directing that the "Parties are to meet and confer regarding remaining issues." (Doc. No. 96.) This violation, moreover, is part of a pattern that required Plaintiff to file his Motion for Sanctions. (*See* Doc. No. 90, at pp. 2-4) (setting forth the chronology of Defendants' failures to produce and comply with the Court's 11/9 Order).

There also is no cognizable excuse (let alone substantial justification) for Defendants' total non-responsiveness and non-compliance with the Court's 2/3/23 Order. The same is true for Defendants' counsel's initial excuse for violating the 11/9 Order, that he needed more time because he recently "inherited this case," and that he had insufficient time to address Plaintiff's discovery issues due to an ice storm in Dallas, where he works and resides. (Sterling Aff., Exh. A attached hereto, at Exh. 1, at 6:14-16, 10:2-13.) In fact, Defendants' counsel "inherited this case" long ago, when he filed his appearance on October 20, 2022. (Doc. No. 62.) In addition, Defendant's current counsel was directly involved in the parties' dispute *a year and a half before he filed his appearance in this case*, as long ago as April 7, 2021, when he filed an opposition to a motion to dismiss a lawsuit filed by his spouse (Kaitlyn Coker) against Plaintiff in Cook County Circuit Court on January 7, 2021. (Sterling Aff., Exh. A attached hereto, at Exh. 4.) That since-dismissed lawsuit asserted (in fact, virtually copied and pasted) many of the same allegations on which

6

Defendant Banks bases her unclean-hands defense in this case. (*Compare* Complaint at Law, Case No. 2.21-L-000211, Sterling Aff., Exh. A attached hereto, at Exh. 5, ¶¶ 6-15, *with* Defendant Banks's Affirmative Defense, Doc. No. 37, at pp. 56-59, ¶¶ 6-15.)

Defendants' current counsel, therefore, was not unfamiliar with this dispute or Defendant Banks, and he was involved in this dispute long before this case was filed on October 27, 2021. (Doc. No. 1.) Accordingly, there is no reason why Defendants' counsel needed additional time to understand and respond to discovery requests issued on April 8, 2022. (Doc. No. 55-1.) There certainly is no justifiable (or other) excuse for Defendants' counsel's failure to produce documents compelled by this Court on November 9, 2022 (Doc. No. 69), and/or his failure to meet-and-confer as required by the Court's 2/3/23 Order (Doc. No. 96), even if Defendants' counsel was limited by a Dallas-area ice storm in late January 2023.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter an order: (a) including Defendants' non-compliance with the Court's 2/3 Order as an independent instance of contempt; (b) ordering an expedited briefing schedule on Plaintiff's Motion for Sanctions; (c) sanctioning Defendants under Rule 37(b)(2) as requested in the Motion for Sanctions and herein; and (d) granting such further relief as the Court deems just and appropriate.

Dated: March 7, 2023　　　　　　　　　　　　　Respectfully submitted,

HILLARD M. STERLING
ARDC No. 6232655
ROETZEL & ANDRESS　　　　　　　　　　　　　*/s/ Hillard M. Sterling*
30 North LaSalle St., Ste. 2800　　　　　　　　　　Hillard M. Sterling
Chicago, Illinois 60602; (312) 962-8082
hsterling@ralaw.com
**ATTORNEY FOR PLAINTIFF**