**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DEREK KHANNA, individually and derivatively** <br> **on behalf of Shimbly Corporation,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **KATELYNN BANKS,** *et al.***,** ) <br> ) <br> **Defendants.** ) <br> ――――――――――――――――――――――――― ) | **Case No. 21-cv-5752** <br><br> **Hon. Judge Virginia M. Kendall** <br> **Magistrate Judge Keri Holleb-Hotaling** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SOMERVILLE'S MOTION TO DISMISS**

**INTRODUCTION**

The Court should deny the Motion to Dismiss ("MTD") filed by Defendant Eirik Somerville ("Defendant Somerville") in its entirety.  Defendant Somerville's initial argument is a misplaced request for the Court to adjudicate his prospective statute-of-limitations defense in the context of his MTD.  However, the Seventh Circuit and this Court have made clear that a statute-of-limitations defense should be raised, if at all, as an affirmative defense, not as a purported basis for dismissal under Rule 12(b)(6).  Accordingly, the Court should reject his statute-of-limitations argument outright.

Defendant Somerville also applies the wrong statute of limitations.  Without any attempt to cite and apply Illinois' choice-of-law rules, Defendant Somerville simply assumes that Illinois' one-year statute applies to Plaintiff's defamation and false-light claims.  That assumption is incorrect.  Massachusetts law is the applicable and governing law here, in that Plaintiff's injury occurred there, and there is no other state with a more compelling interest.  Accordingly,

Massachusetts' three-year statute of limitation applies, not Illinois' one-year statute, thereby defeating Defendant Somerville's premature statute-of-limitation defense on that ground as well.

As for Defendant Somerville's arguments that his statements "are not defamatory," those arguments are quintessential examples of factual assertions that raise factual issues that cannot be adjudicated in a dismissal motion. Even worse, Defendant Somerville's arguments cherry-pick various defamation allegations and ignore others. If these arguments belong anywhere, Defendant Somerville should raise them in a motion for summary judgment, or at trial.

The same types of factual issues preclude dismissal of Plaintiff's aiding-and-abetting claims against Defendant Somerville. First, Defendant Somerville offers a tag-along argument that he could not have aided and abetted because there is no sustainable underlying tort alleged against Defendant Banks, which is patently false, as argued in Plaintiff's opposition to Defendant Banks's motion to dismiss. As an initial matter, Defendant Banks cannot assert her Rule 12(b) arguments at all, because she already filed a Rule 12(b) motion long ago, which bars her from a "second bite of the apple" under Rule 12(b) and Rule 12(g)(2). And even if Defendant Banks could bring a second Rule 12(b) motion (which she cannot), her new dismissal arguments fail on numerous independent grounds, as Plaintiff has shown in his opposition brief.

Defendant Somerville concludes his brief with factual arguments that he could not have aided and abetted as a matter of law. Those arguments, of course, cannot be addressed, let alone resolved, in his MTD. Instead, those arguments should be asserted, if at all, in a summary-judgment motion, not as a basis for dismissal under Rule 12(b)(6).

The bottom line is that Defendant Somerville has failed to support the dismissal of any of Plaintiff's claims. The Court should order him to answer Plaintiff's First Amended Complaint

2

("FAC") forthwith, so that Plaintiff may test the factual bases (or lack thereof) for his arguments during the course of the discovery process.

**ARGUMENT**

I.    **PLAINTIFF HAS ADEQUATELY ALLEGED DEFAMATION AND FALSE LIGHT AGAINST SOMERVILLE (COUNTS VII, XIV).**

    A.    **Defendant Somerville's "Statute of Limitations" Defense is Not Properly Before the Court in a Rule 12(b)(6) Motion.**

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Richardson v. Metropolitan Family Services*, No. 14-cv-1711, 2013 U.S. Dist. LEXIS 174519, at * 9 (N.D. Ill. Dec. 18, 2014). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. V. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). *See also Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (reversing dismissal based on the statute of limitations because "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists") (emphasis in original).

These principles apply squarely here, and preclude Defendant Somerville from seeking dismissal based on a purported (and non-existent) lapse of the statute of limitations. Instead, if Defendant Somerville wants to pursue this defense, he should respond to Plaintiff's FAC with a statute-of-limitations affirmative defense, and engage in discovery thereover, so that the parties and Court may address this defense with an appropriate factual record.

3

**B.    Defendant Somerville Applies the Wrong Statute of Limitations, Even if His Argument Were Properly Before the Court (Which It Is Not).**

"In cases for which state law provides the rule of decision, federal courts apply state statutes of limitation."  *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 335 (7th Cir. 2005) (citation omitted).  Illinois choice-of-law rules create a presumption applying the law of the state in which injury occurs.  *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147 (2007).  That presumption, however, is overcome if another state has "the most significant relationship" to the claim at issue.  *Ingersoll v. Klein*, 46 Ill. 2d 42, 52 (1970).  *See Kamelgard v. Macura*, 585 F.3d 334, 341 (7th Cir. 2009) (reviewing Illinois choice-of-law jurisprudence and concluding that "the state with the most significant relation to a claim is usually the state in which the tort (and therefore the injury) occurred").

 "When the defamatory statement is communicated in many different states, it makes sense to apply the law of the plaintiff's domicile, and that is the usual result in Illinois.  That is where the principal injury from a defamation will occur because it is where the victim works and lives and where (in the usual case) most of the people – family, friends, business associates, etc. – are found with whom he has personal or commercial transactions, which might be impaired by defamation."  *Kamelgard*, 585 F.3d at 342.

Applying these principles, the law of the State of Massachusetts governs Plaintiff's defamation and false-light claims.  In Plaintiff's initial complaint in this civil action – which is the appropriate touchstone for determining the locus of Plaintiff's injury – Plaintiff was "a citizen and domiciliary of the State of Massachusetts."  (Complaint, Doc. No. 1, at ¶ 6.)  Plaintiff's injury, therefore, occurred in the State of Massachusetts, as defined by the above-cited governing law, and no other state has a more "significant" relation to Plaintiff's defamation and false-light claims.

Notably, Defendant Somerville fails to apply – or even mention – Illinois' choice-of-law rules for defamation and false-light claims. Instead, Defendant Somerville simply assumes, falsely, that Illinois' statute of limitation applies to those claims. Defendant Somerville's silence on this front is deafening, and his failure to undertake any choice-of-law analysis exposes the baselessness of his precipitous assumption that the Illinois statute of limitations applies here.

Massachusetts has a three-year statute of limitations for "actions of tort," and that three-year period begins running "after the cause of action accrues." (260 M.L.A. § 2A.) "In defamation cases, 'the general rule is that the cause of action accrues, and the statute of limitations begins to run, on publication of the defamatory statement.' A statement is published when it is communicated to a third party." *Wolsfelt v. Gloucester Times*, 155 N.E.2d 737, 742 (Mass. App. 2020) (citations omitted). In addition, Massachusetts law is clear that "each separate communication of a defamatory statement to a third party gave rise to a new cause of action." *Wolsfelt*, 155 N.E.2d at 742

Based on this governing law (and not the inapposite one-year period under Illinois law), Plaintiff's defamation and false-light claims are timely under Defendant Somerville's own arguments. Specifically, Defendant Somerville argues that "Plaintiff's defamation and false light claims against Somerville are predicated on his alleged publication of a report on October 18, 2020." (MTD, at p. 4.) Plaintiff, moreover, filed his civil action on October 27, 2021. Plaintiff, therefore, filed his defamation and false-light claims well within the applicable three-year statute of limitations, even if Defendant Somerville's statute-of-limitations argument were properly before the Court, which it is not, as discussed above.

Massachusetts also follows the discovery rule, which tolls the statute of limitation (such that the cause of action does not accrue) until "the plaintiff learns, or reasonably should have

learned, that he has been harmed by the defendant's conduct." *Flynn v. Associated Press*, 401 Mass. 776, 781 (1988) (citations omitted). *See Koe v. Mercer*, 876 N.E.2d 831, 836 (Mass. 2007) (recognizing that the discovery rule applies "in circumstances where the plaintiff did not know or could not reasonably have known that he or she may have been harmed by the conduct of another"). Accordingly, Plaintiff's claims for defamation and false light did not begin accruing until well after October 18, 2020, further establishing their timeliness.

**C.      Defendant Somerville Merely Raises Factual Issues, Which Preclude Dismissal, in Arguing that His Statements "Are Not Defamatory."**

Again, Plaintiff cites, applies, and discusses inapplicable Illinois law in arguing that he somehow should prevail, "as a matter of law," against Plaintiff's defamation and false-light claims. (MTD, at pp. 4-8.)  In any event, regardless of whether Illinois law or Massachusetts law applies here, Defendant Somerville cannot seek dismissal against those claims.

First, it is firmly established that the "innocent construction" rules applies, at most, to claims for defamation *per se*, not defamation *per quod*, and Plaintiff's defamation claim is not limited to defamation *per se*. (*See* FAC, at ¶¶ 175-183.)

In addition, Defendant Somerville ignores or marginalizes Plaintiff's allegations in arguing that "the statements attributed to Somerville are simply not defamatory and are also subject to innocent construction."  (MTD, at p. 7.)  Defendant Somerville cites one paragraph in Plaintiff's FAC alleging that Defendant Somerville falsely stated that Plaintiff "engaged in mismanagement by developing a product "'with only $100K in confirmed capital' – when, in fact, at least $400,000.00 in capital had been confirmed." (*Id.*) (*citing* FAC, at ¶ 177.)  It is odd that Defendant Somerville selected this allegation to support his dismissal motion, in that his statement is clearly factual.  Defendant Somerville erroneously argues that "[w]hether it is smart or appropriate to develop a product with a certain level of capital is a statement of opinion."  (MTD, at p. 7.)

6

However, that argument belongs, at most, in a motion for summary judgment, or in an opening statement at trial. Defendant Somerville does not cite any law showing or suggesting that his cited statement was opinion as a matter of law, likely because no such law exists, in Illinois or Massachusetts.

The same is true for the other allegations cherry-picked by Defendant Somerville as somehow constituting opinion as a matter of law. (MTD, at pp. 7-8.) Again, Defendant Somerville cites no cases whatsoever holding that any of these statements, or analogous ones, constituted opinions as a matter of law, such that the Court should hold, at the pleadings stage, that the statements are not actionable as defamation *per se*. Instead, Defendant Somerville apparently wants the Court to comb through these statements, research case law (in Illinois and/or Massachusetts), and find precedent supporting the conclusory arguments in his brief that his statements "can reasonably be construed as critiques of Plaintiff's performance as an employee and Board member of Shimbly, rather than defamatory statements." (MTD, at p. 8.) The Court, of course, should decline this invitation, and should reject Defendant Somerville's bare arguments as forfeited or groundless. *See Thomas v. Urban Partnership Bank*, No. 12-C-56257, 2013 U.S. Dist. LEXIS 59818, at * 36 (N.D. Ill. Apr. 26, 2013) (holding that defendant "makes no effort to explain why these allegations do not suffice to state an ICFA claim, and has therefore forfeited the argument for purposes of its Rule 12(b)(6) motion").

The bottom line is that Defendant Somerville's arguments raise factual issues that preclude dismissal. Those arguments belong, at most, in a summary judgment motion, not one seeking dismissal under Rule 12(b)(6). *See Bair v. Rohr-Mont Motors, Inc.*, No. 12-C-8234, 2013 U.S. Dist. LEXIS 76368, at *21 (N.D. Ill. May 29, 2013) (denying defendant's motion to dismiss and holding that, "[b]ased on the social context of [defendant's] alleged statements and the fact that at

7

least one statement could be objectively verified, the court finds that it would be premature to dismiss [plaintiff's] defamation claim at this time"); *Ousterhout v. Zukowski*, No. 11-cv-9136, 2014 U.S. Dist. LEXIS 135906, at * 16 (N.D. Ill. Sept. 26, 2014) (holding that "Plaintiff has adequately stated a claim for defamation showing that he is entitled to relief, and neither the statute of limitations nor Defendant's mere-opinion defense bar Plaintiff's claim").

## II.   PLAINTIFF HAS ADEQUATELY ALLEGED AIDING-AND-ABETTING CLAIMS AGAINST DEFENDANT SOMERVILLE.  (COUNTS II, IV, VIII).

Defendant Somerville first offers a tag-along argument that he cannot be held liable for aiding and abetting because "when there is no underlying liability there can be no liability for aiding and abetting." (MTD, at p. 8.)  While Defendant Somerville states that he "joins and adopts" Defendant Banks's arguments in her motion to dismiss (Doc. No. 209), Defendant Somerville also "joins and adopts" the multiple independent deficiencies therein, as shown by Plaintiff's contemporaneously filed opposition to her dismissal motion.  For example, as Plaintiff argues in that brief, Fed. R. Civ. P. 12(b) and 12(g)(2) bar Defendant Banks from seeking dismissal under Rule 12(b), given her previously filed Rule 12(b) motion, as well as her answer to Plaintiff's initial complaint.  *See Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 2008 U.S. Dist. LEXIS 41539, at * 9 (N.D. Ill. May 22, 2008) (holding that "Defendants' argument is technically waived – in the limited context of a Rule 12(b)(6) motion – if the argument was 'available' at the time of Defendants' earlier motions"); *Sloan Valve Co. v. Zurn Industries, Inc.*, Doc. No. 10-cv-204, 2012 U.S. Dist. LEXIS 46254, at * 22-23 (N.D. Ill. Apr. 1, 2012) (finding waiver of Rule 12(b)(6) arguments in a subsequent Rule 12(b) motion that added additional purported grounds for dismissal, since defendant "presented its argument in a Rule 12(b)(6) motion, which does not fall within any of the three exceptions to Rule 12(g) that are outlined in Rule 12(h)(2)"); *766347 Ontario. Ltd.*, 274 F.

8

Supp. 2d 926, at 930 ("Because [defendants] did not previously raise any of the other arguments they now make, they are precluded from raising them here in their third MTD").

Finally, Defendant Somerville concludes his brief with factual arguments – bereft of any supporting case law – purporting to show that "[t]here are no allegations that Somerville knowingly, intentionally, and actively participated in alleged misconduct." (MTD, at p. 10.) That argument could not be further from the truth. Plaintiff's FAC is replete with allegations that Defendant Somerville "knowingly and substantially assisted" Defendant Banks's wrongful conduct. (*See e.g.*, FAC, at ¶¶ 101-121) (alleging multiple specific instances in which Defendant Somerville and the other Banks Defendants conspired to, and did, aid and abet Defendant Banks in her scheme to steal Shimbly's trade secrets, and compete in the same marketplace targeted by Shimbly). Based on those allegations, and indeed the factual issues raised by Defendant Somerville's own arguments, the Court should deny his MTD and order him to answer the FAC forthwith. *See Apa v. Apa*, No. 22-cv-03760, 2023 U.S. Dist. LEXIS 176433, at * 16 (N.D. Ill. Sept. 30, 2023) (denying defendant's motion to dismiss plaintiff's aiding-and-abetting claim because "under Rule 9(b), knowledge 'may be alleged generally" and plaintiff's "allegations suffice to support knowing and substantial assistance of the fraud"); *Damian v. Courtright*, No. 21-c-1694, 2021 U.S. Dist. LEXIS 138602, at * 17 (N.D. Ill. July 26, 2021) (denying defendant's motion to dismiss claims for aiding and abetting because the "allegations are sufficient to plausibly imply that [defendant] knew about the fraud').

## III. THE COURT SHOULD PROVIDE LEAVE TO AMEND IN THE EVENT THAT THE COURT DISMISSES ANY COMPONENT OF PLAINTIFF'S FAC.

If the Court dismisses any portion of Plaintiff's FAC, despite the absence of any basis asserted by Defendants for doing so, Plaintiff respectfully requests that the Court grant leave to amend, which should be freely given to cure any such deficiencies. *See Damian v.*

*Smithamundsen, LLC*, No. 2830, 2023 U.S. Dist. LEXIS 9283, at * 12 (N.D. Ill. Jan. 19, 2023) (granting leave to amend an aiding and abetting claim, which was dismissed "without prejudice"); *Lavin v. Reed*, Doc. No. 17-cv-1014, 2023 U.S. Dist. LEXIS 196058, at * 37 (N.D. Ill. Nov. 1, 2023) ("Leave to amend shall be freely given absent undue delay or prejudice to the opposing party"); *Runnion v. Girl Scouts of Greater Chicago & NW Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a MTD").

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter an order: (a) denying Defendant Somerville's MTD; (b) requiring Defendant Somerville to answer Plaintiff's FAC within fourteen (14) days of this Court's order; and (c) granting such further relief that the Court deems just and proper.

Dated: March 6, 2024                                        Respectfully submitted,

HILLARD M. STERLING
ARDC No. 6232655                              ____/s/ Hillard M. Sterling_____
ROETZEL & ANDRESS                                   Hillard M. Sterling
70 West Madison St., Ste. 3000
Chicago, Illinois 60602; (312) 962-8082
hsterling@ralaw.com
**ATTORNEY FOR PLAINTIFF**