IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation,** ) ) ) **Plaintiff,** ) ) **v.** ) ) ) ) **KATELYNN BANKS,** *et al.***,** ) ) **Defendants.** ) ) | ) **Case No. 21-cv-5752** ) **Hon. Judge Virginia M. Kendall** **Magistrate Judge Keri Holleb-Hotaling** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED VERIFIED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), and other governing law as set forth herein, Plaintiff Derek Khanna ("Plaintiff" or "Khanna"), individually and derivatively on behalf of Shimbly Corporation ("Shimbly"), hereby files his Motion for Leave to File a Second Amended Verified Complaint (this "Motion to Amend"), and in support hereof states as follows:

**INTRODUCTION**

On October 27, 2021, Plaintiff filed his Verified Complaint ("Complaint") initiating this action against Katelynn Banks, Maryam Hussein, and Shimbly, as nominal defendant, to recover substantial damages caused by their misconduct, including the theft of Shimbly's trade secrets, the destruction of this promising company when it was on the brink of launching and disrupting the lucrative e-real-estate marketplace, and the misappropriation of Shimbly's trade secrets in pursuit of a scheme to start a "new Shimbly" and profit therefrom to the harm of Plaintiff and the destruction of Shimbly as a once-viable company.

On April 6, 2022, the Court ordered the parties to submit to "binding confidential mediation" on certain claims, which were stayed, *i.e.*, claims for "breach of fiduciary duty (insofar as the claim arises from [Plaintiff's] termination), breach of contract (for failure to submit to mediation and for breach of the salary agreement), wrongful and retaliatory discharge, and violations of the Illinois Whistleblower Act." (Doc. No. 35.)

Based on substantial information learned after extensive discovery motion practice, Plaintiff then sought and received leave to file his First Amended Complaint ("FAC"), which added additional claims and parties – Cindy Banks Team ("CBT"), Cindy Banks, and Tony Banks (collectively, the "CBT Defendants"); Pamela Cary and Richard Cary (collectively, the "Cary Defendants"); and Eirik Somerville (collectively, "Defendants"). (Doc. Nos. 181, 184, 186).

Defendants then filed their respective motions to dismiss Plaintiff's FAC. (Doc. Nos. 209, 211, 217.) On July 9, 2024, the Court issued its Memorandum Opinion and Order, granting in part and denying in part the Banks Defendants' motion (Doc. No. 209) and Somerville's motion (Doc. No. 211). (Doc. No. 240.) The Court did not dismiss Plaintiff's claims with prejudice, except for Plaintiff's "claims against Somerville, inasmuch as they pertain to the Somerville report," which were "dismissed with prejudice as untimely." (*Id.* at p. 17.)

Accordingly, Plaintiff files this motion for leave to file his Second Amended Complaint ("SAC") to cure the deficiencies in the claims dismissed by the Court without prejudice. Plaintiff respectfully submits that the Court should grant leave pursuant to Fed. R. Civ. P. 15(a) and governing jurisprudence, that Defendants have no basis under Rule 15(a) to oppose such leave, and that Defendants' prospective disputes with the adequacy of the SAC should be adjudicated by the Court in the context of motions to dismiss, not oppositions to this Motion to Amend.

**ARGUMENT**

Rule 15(a) provides that the Court "should freely grant leave [to amend] when justice so requires." In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also In re Abbott Depakote Shareholder Derivative Litigation*, 909 F. Supp. 2d 984, 1000 (N. D. Ill. 2012) (granting leave to amend a complaint because, in interpreting Rule 15(a), "the Supreme Court and Seventh Circuit have held that district courts should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. None of those factors are present here").

In addition, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her [or his] complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Specifically, leave to amend is "especially advisable when such leave is sought after the dismissal of the first complaint. Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). *See also Akbar v. Savoy Squares*, No. 17-cv-05447, 2020 U.S. Dist. LEXIS 144885, *11-12 (N.D. Ill. Aug. 12, 2020) (holding that plaintiff "has only amended his complaint once (and in doing so, cured the one

3

deficiency then noted by the Court), so he has not repeatedly failed to cure deficiencies by amendments previously allowed") (internal citation omitted).

This is Plaintiff's first requested amendment to cure pleading deficiencies identified by the Court in response to dismissal motions. Plaintiff filed his prior amended pleading (the FAC) in order to allege additional claims against the Defendants, including additional parties, based on information learned during the course of party and third-party discovery. Accordingly, there is no cognizable argument of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile." *In re Abbott Depakote Shareholder Derivative Litigation*, 909 F. Supp. 2d at 1000.

In particular, Plaintiff promptly requested leave to file an amended pleading to address the deficiencies referenced in the Court's dismissal order. (*See* Doc. Nos. 241, 242.) And Plaintiff has filed this Motion to Amend in the timeframe to which Plaintiff committed, in the absence of an order granting leave to amend before then, as set forth in the parties' Joint Status Report filed on August 2, 2024. (Doc. No. 242). Furthermore, none of the Defendants would be prejudiced by the proposed SAC, which also would not disrupt any scheduling order issued by the Court.

Furthermore, there is no cognizable argument by Defendants that "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted…." *Barry Aviation Inc.*, 377 F.3d at 687. The Court based its dismissals (without prejudice) on two main grounds: (1) "allegations of demand futility with respect to [Theophile] Khayat" (Memorandum Opinion and Order, at p. 10); and (2) allegations of direct harm to Plaintiff (*id.* at pp. 11-13, 14.) The proposed SAC addresses each of those grounds, and there clearly is no basis for any prospective argument that any purported futility is "certain from the face of the complaint…." *Id.*

4

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter an order: (a) granting this Motion to Amend; (b) providing leave for Plaintiff to file the proposed Second Amended Complaint attached hereto as Exhs. A (clean version) and B (redlined version); and (c) granting such further relief that this Honorable Court deems just and proper.

Dated: August 9, 2024                                    Respectfully submitted,

HILLARD M. STERLING
ARDC No. 6232655
So Young Lee
ARDC No. 6330012
ROETZEL & ANDRESS                        ____*/s/ Hillard M. Sterling*_____
70 West Madison St., Ste. 3000                      Hillard M. Sterling
Chicago, Illinois 60602; (312) 962-8082
hsterling@ralaw.com
alee@ralaw.com

**ATTORNEY FOR PLAINTIFF**