**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation, <br><br> Plaintiff, <br><br> v. <br><br> KATELYNN BANKS, ISELLMLS.COM, INC. d/b/a CINDY BANKS TEAM, CINDY BANKS, TONY BANKS, PAMELA CARY, RICHARD CARY, EIRIK SOMERVILLE, MARYAM HUSSEIN, <br><br> Defendants, and <br><br> SHIMBLY CORPORATION, a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 21-cv-5752 <br><br> Hon. Judge Virginia M. Kendall <br> Magistrate Judge Keri Holleb-Hotaling |

**DEFENDANTS' KATELYNN BANKS AND SHIMBLY CORPORATION
REPLY IN SUPPORT OF THEIR MOTION TO
<u>DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendants Katelynn Banks and Shimbly Corporation, by and through their attorneys, DeVore Radunsky LLC, submit their Reply in support of their Motion to Dismiss Plaintiff, Derek Khanna's ("Plaintiff" or "Khanna") Second Amended Verified Complaint (the "Complaint"), with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1.

Khanna's response continues to suggest that injuries flowing from alleged harm to Shimbly should be attributed to him, so he can bring "direct" claims. Khanna concedes that Shimbly owned the concept and intellectual property when he assigned any rights under the Founders' Agreement. Thus, he has no standing. He also cannot plead a claim for unauthorized filing in these circumstances. Additionally, Khanna's weak attempts to prop up his intentional

infliction of emotional distress claim fail to convert this business dispute into "outrageous" conduct causing a serious, legitimate injury. Khanna claims an amorphous, subjective "injury" to his legal career due to a bad reputation, which does not move the needle. Finally, Khanna's derivative claims remain improper and unsupported.

Khanna's response does not change the fact that his Complaint alleges that Banks failed to act in Shimbly's best interests, causing harm to Shimbly and its shareholders. He has attempted to contort this case into something that it is not.

Further, Plaintiff's derivative claims fail because he does not to adequately plead demand futility. (Dkt 292 at ¶¶210 - 232). Plaintiff has not, and cannot, establish demand futility, and therefore cannot assert derivative claims.

## ARGUMENT

### I. Plaintiff's "Direct" Claims (Counts I, III, VII, IX) Must Be Dismissed

Plaintiff cannot escape the "unique" harm requirement imposed by *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.* 845 A.2d 1031, 1039 (Del. 2004) for any "direct" claims. Under *Tooley*, to demonstrate a direct injury, a shareholder plaintiff must demonstrate "that the duty breached was owed to the [shareholder] and that he or she can prevail without showing an injury to the corporation. (citing *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.* 845 A.2d 1031, 1039 (Del. 2004)(citations omitted)).

Now, Khanna contends that an exception to *Tooley* arises because of a "change of control". He argues that Banks planned to steal Shimbly from Khanna by transferring it to a new company. Yet, Khanna relies on cases that relate to a "change of control" in a very different manner.

Khanna's reliance on *Revlon* and *Brookfield Asset Mgmt. v. Rosson*, 261 A.3d 1251 (Del. 2021), is misplaced. Those cases address shareholder rights during public company control transactions. Here, Shimbly was a closely held startup with three shareholders. Courts have rejected efforts to shoehorn private disputes into the *Revlon* framework. *See Weinstein v. Schwartz*, 422 F.3d 476 (7th Cir. 2005).

Despite new rhetoric, Plaintiff's Complaint continues to allege only injuries flowing from alleged harm to Shimbly. Plaintiff's attempt to recast those injuries as "direct" under *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), and *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986), is unavailing.

To state a direct claim under *Tooley*, a plaintiff must show that: (1) the corporation did not suffer the alleged harm, and (2) recovery would go directly to the shareholder. Here, Plaintiff alleges the devaluation of Shimbly, misappropriation of its IP, and corporate mismanagement. Such injuries are quintessentially derivative. See *Wise v. Biowish Techs., Inc.*, 2019 WL 192876, at *3 (D. Del. Jan. 11, 2019); *Hale v. China Online, Inc.*, 2009 WL 2601357, at *5 (N.D. Ill. Aug. 20, 2009).

Khanna tries mightily to make this case special with what he deems "overlapping claims". Yet, the only real overlap is that Khanna's claims derive from Shimbly. As this Court correctly noted, allegations that Banks engaged in accounting fraud and took actions that drove down the value of Shimbly stock "can only be brought derivatively." (Dkt. #240 at pg. 11). Accordingly, this claim, along with his other "direct" claims must also be dismissed.

The core of Khanna's claims relate to harm to the company and devalued stock with a variety of iterations. (*See e.g.*, Dkt. #292, ¶129(h)) ("driving down the value of Plaintiff's Shimbly stock"). It is understandable that Khanna has shifted his argument to promote an

3

exception to *Tooley*, however, the *Revlon* factors were not designed to support "direct" claims by Khanna in this case.

Moreover, Khanna's reliance on *PsyBio Therapeutics v. Corbin*, No. 20 C 3340, 2021 WL 122713 (N.D. Ill. Jan. 13, 2021), to establish a direct claim is misplaced. Unlike here, the *PsyBio* case involved a shareholder that dissented from a proposed dissolution, while the others voted in favor. Also, two other shareholders formed a similarly named company to directly compete with PsyBio. *Id.* at 3. Here, Shimbly operated without a new, similarly named company as in *PsyBio*.

Khanna attempts to analogize the specific facts of PsyBio Therapeutics to the instant case, but cannot adequately do so. Here, even Khanna's allegation of "separate and distinct" harm derives from a harm to Shimbly by virtue of diminished value of Shimbly stock. (*Id.* at ¶ 99). Regardless of how Khanna characterizes the harm to Shimbly, it does not trigger an exception to the rule requiring a direct harm to Khanna that is discrete from harm to Shimbly.

Furthermore, Khanna recasts argument from a motion to dismiss the First Amended Complaint by reference and essentially concedes that Count III should be dismissed. By failing to point to any new allegations from the Second Amended Complaint that would revive his claims, Khanna concedes there are no new allegations to save Count III. Accordingly, Count III should be dismissed with prejudice.

## II. Plaintiff's Trade Secrets Act and Conversion Claims Fail (Counts VII and IX)

Khanna concedes that Shimbly owned the "Business Concept" and IP, and that he assigned all rights to Shimbly under the Founders' Agreement. Thus, he lacks standing under the Illinois Trade Secrets Act ("ITSA") and for conversion. See *Got Docs, LLC v. Kingsbridge Holdings, LLC*, 657 F. Supp. 3d 1034, 1043 (N.D. Ill. 2023); *Desmond v. Taxi Affiliation Servs. LLC*, 344 F. Supp. 3d 915, 928 (N.D. Ill. 2018).

Khanna's reference to Banks' use of the term "IP" is irrelevant. He must allege an actual ownership interest in the IP, which he cannot do. *Got Docs, LLC v. Kingsbridge Holdings, LLC*, 657 F. Supp. 3d 1034, 1043 (N.D. Ill. 2023); *Lorenzetti v. Hodges*, 62 A.3d 1224 (Del. 2013). Instead, the Complaint references Shimbly's trade secrets. (Dkt #292, ¶ 27, 28.) Here, only Shimbly can assert claims relating to Shimbly's trade secrets and property, not Plaintiff directly. *See Desmond v. Taxi Affiliation Services LLC*, 344 F. Supp. 3d 915, 928 (N.D. Ill. 2018).

The failure to show concrete secrets owned by Khanna should terminate Khanna's claims for under the Trade Secrets Act (Count VII) and for Conversion (IX) should be dismissed with prejudice.

### III. Plaintiff's Gross Negligence Claim (Count XV) Fails

Khanna argues that he suffered unique harms but has not pled sufficient facts to save a gross negligence claim that requires an extreme departure from a standard of care. Khanna cannot establish that he was owed a "standard of care" from which the defendant took an "extreme departure." *Greenfield as Next Friend for Ford v. Miles*, 211 A.3d 1087, 1101 (Del. 2019).

Khanna alleges that he "suffered injuries", but refers to several injuries that relate to Shimbly, as opposed to himself (i.e. "engaging in accounting fraud", "developing a plan to steal Shimbly's trade secrets) (Dkt. #292 ¶200, 202). Additionally, Khanna attempts to use a legal conclusion to support his claims (i.e. "Banks breaches her duty of care constituted gross negligence"). These allegations are insufficient to save Khanna's claim for gross negligence.

Finally, the "gross negligence" claim related to this business dispute should be barred by the economic loss doctrine, which precludes recovery under a negligence theory where only economic losses, absent physical property damage or bodily injury. *See, e.g., In re Chicago Flood Litig.*, 176 Ill. 2d 179, 199 (1997). Thus, Count XV should be dismissed.

### IV. Unauthorized Filing (Count XVI) is Not an Appropriate Cause of Action Here

Khanna's attempt to bring a claim for unauthorized filing in this instance should be rejected. The court *in Safeway Ins. Co. v. Spinak*, 267 Ill. App. 3d 513, relied upon by Khanna, suggested a limited claim for relief instead of malicious prosecution for a claim brought on behalf of a claimant who did not agree to have his name used. The *Safeway* victim of the tort was the person whose name was used—without their knowledge or consent—to file a lawsuit. The *Safeway* claimant was wronged because a suit was filed in his name without permission. Sanchez's name was used. The tort was that someone falsely made him a plaintiff. Here, a suit was filed on behalf of Shimbly. The plaintiff was Shimbly. But Khanna is not Shimbly; he is a shareholder and his name was not used.

The *Merriman v. Merriman* (1937), 290 Ill. App. 139, court first recognized a cause of action in favor of a defendant in a legal proceeding against the attorney who instituted such proceeding without the plaintiff's authority. Here, no action was brought on behalf of Khanna and he has not adequately alleged that Shimbly brought the suit without authority. Under Illinois law, corporate officers are generally presumed to have apparent authority to act on behalf of the corporation in legal matters. See *Zahl v. Krupa*, 365 Ill. App. 3d 653, 850 N.E.2d 304, 312 (Ill. App. Ct. 2006). Moreover, Plaintiff lacks standing to assert this claim in his individual capacity.

Accordingly, Count XVI should be dismissed with prejudice.

### V. Plaintiff's Intentional Infliction of Emotional Distress Claim (Count XVIII) Fails

Khanna's meekly pled allegations do not allege more than insults and a purported "threat" to Khanna's career and law license. This case is a business dispute. The 7th Circuit has determined that "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not

amount to extreme and outrageous conduct, nor does conduct characterized by malice or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Id.* at 566–67 (quoting *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997)

Khanna's claims do not reflect conduct that goes "beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017) (quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003)). Importantly, the standard is not subjective and courts are cautioned "to avoid imposing liability for idiosyncratic and individualized reactions, '[w]hether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case.'" *Richards*, 869 F.3d at 567 (quoting *Franciski v. Univ. of Chi. Hosps.*, 338 F.3d 765, 769 (7th Cir. 2003)).

Additionally, Khanna's claims related to employment do not rise to the high level needed for a claim that requires "truly egregious" conduct. *Id.* (quoting *Van Stan*, 125 F.3d at 568). The standard is "quite high." *Shamim v. Siemens Indus., Inc.*, 854 F. Supp. 2d 496, 511 (N.D. Ill. 2012).

Khanna cites two cases that highlight the paucity of his claims. The *Eckenrode v. Life of America Insurance Co.,* 470 F.2d 1 (7th Cir. 1972) court addressed a factually inapposite matter. Unlike this matter, the issue in *Eckenrode*r related to "economic coercion," stemming from an insurance company's refusal to pay benefits to a recent widow, following her husband's murder. The court's analysis hinged on both the financial pressure and the plaintiff's acute emotional vulnerability in the aftermath of the homicide. Conversely, here, Khanna is upset because he was purportedly called names. The chasm is massive between Khanna's allegations and those in *Eckenrode*. Further, even if *Eckenrode* was factually analogous, it has limited precedential value

7

and has only been applied successfully in four cases - three involving corporate insurance companies and one involving a county defendant.

Similarly, the court in *Milton v. Illinois Bell Telephone Co.*, 101 Ill. App. 3d 75, 427 N.E.2d 829 (1st Dist. 1981), emphasized the significant disparity in power between the plaintiff, a telephone line installer, and the defendant, a large corporate employer. The court found the alleged conduct particularly egregious due to this imbalance, stating: "It is the alleged abuse of power by a large corporation over one of its front-line employees which aggravates the outrageousness of the conduct alleged in this case." *Id.* at 79, 427 N.E.2d at 832. Conversely,

Here, Khanna held a high-ranking position at Shimbly and his allegations do not reflect a whisper of the vulnerability of the employee in *Milton*. Khanna also had ample alternative opportunities to market his professional skills, undercutting any claim of subjective claims of economic dependence or powerlessness.

Moreover, Khanna's allegations are bereft of actual, quantifiable serious injuries required under the law. Khanna has not and cannot meet the standard. Count XVI should be dismissed.

**VI.** **Claims Against Katelynn Banks (Counts I, VI, X) That Are Stayed**

Plaintiff does not dispute that this Court's July 7, 2024, order and Magistrate Feinerman's April 6, 2022, order, reflect that Khanna's claims for "breach of fiduciary duty" (arising from termination) (Count I), breach of contract, wrongful and retaliatory discharge (Count VI), and violations of the Illinois Whistleblower Act (Count X) are stayed. (Dkts. #35, #292). These claims remain stayed subject to mediation.

**VII.** **Plaintiff's Derivative Claims (Count XVII) Fail as a Matter of Law**

Khanna fails to salvage his claims by contending that the demand should excused, despite this Court's prior order. He contends that Banks lacked independence from Khayat, who plaintiff claims would have received a material benefit if a scheme had succeeded. Plaintiff's newest allegations reflect that Banks and Khayat may not have agreed with Khanna's positions, but do not reflect the demand futility necessary to proceed with derivative claims. *See Hale*, 2009 WL 2601357, at *3 (citing *Ross v. Bernhard*, 396 U.S. 531, 534 (1970)).

Khanna fails to satisfy Federal Rule of Civil Procedure 23.1, which requires him to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R. Civ. P. 23.1. Khanna argues that he made demands by letter, but Khayat "refused to act", however, a perceived refusal to act does not meet the strict requirements to specify the efforts made to obtain the desired action. If Khanna had made a demand, he would not need to urge this Court to forego the demand requirement and argue that a demand would have been futile.

Instead, Khanna asks this Court to excuse a demand for three reasons. First, Khayat is alleged to have received material personal benefit because he would have received more shares of Shimbly. Yet, the Complaint does not allege that Khayat actually received a personal benefit. Instead, it suggests that he could potentially benefit, based upon numerous assumptions. Second, Khanna "encouraged" Banks to act, but relies upon charged language that does not reflect a "substantial likelihood" of claims, as required under the law. *See Lebanon Cnty. Employees' Ret. Fund v. Collis*, 311 A.3d 773, 796 (Del. 2023); *United Food and Com. Workers Union and Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1059 (Del. 2021).

Finally, Khanna argues that Khayat is alleged to have lacked any independence from Banks. Yet, he also alleges that Khayat attended a meeting with Khanna on December 31, 2020. Dkt #292,

9

¶ 215. Khayat's presence at the meeting, alone, suggests that he was independent of Banks and lack of demand futility**.** Thus, Count XVII should be dismissed.

## Conclusion

For the foregoing reasons, and those set forth in their opening brief, Defendants respectfully request that the Court grant their motion to dismiss and enter the following order:

1. Katelynn Banks and Shimbly Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint is granted,
2. Counts I, III, VI, VII, IX, X, XV, XVI (Unauthorized Filing), XVII (derivative claims) and XVIII (IIED) are dismissed with prejudice;
3. Any further relief this Court deems appropriate.

Dated: July 8, 2025            Katelynn Banks and Shimbly Corporation


                               By: /s/ *Jason E. DeVore*
                                    One of their attorneys

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the Court's CM/ECF automated filing system.

*/s/ Jason E. DeVore*
Jason E. DeVore