UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Derek Khanna
                        Plaintiff,
v.                                           Case No.: 1:21−cv−05752
                                                          Honorable Virginia M. Kendall
Katelynn Banks, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 2, 2025:

        MINUTE entry before the Honorable Keri L. Holleb Hotaling: This matter comes before the Court on Plaintiff's motion to compel [Dkt. 331]. After having reviewed the parties' briefs, having heard oral argument on 9/24/2025, and after having reviewed in camera a subset of the allegedly privileged documents at issue here [see Dkt. 335], the Court grants in part and denies in part Plaintiff's motion to compel [Dkt. 331]. Although the motion is largely denied as a whole, based on the sampling of documents reviewed by the Court, the Court finds Plaintiff's privilege log needs to be amended. Defendants are to revise their privilege log to include more specificity (e.g., who is asserting any particular privilege Banks, Shimbley, etc.; more clarity as to the actual privilege that applies, e.g., work product doctrine, attorney−client communication; etc.) Defendants are also to produce the cover page of and any attached legal invoices with appropriate redactions consistent with the holdings in the NDIL that legal invoices are generally not otherwise privileged unless they identify legal matters or thought processes. See, e.g., Sullivan v. Alcatel−Lucent USA, Inc., No. 12cv7528, 2013 WL 263793, at *7 (N.D. Ill. June 12, 2013) (an email chain regarding legal fees is not privileged when it relates only to fees and does not reflect legal advice); Sapia v. Board of Education of City of Chicago, 351 F.Supp.3d 1125, 1132 (N.D. Ill. 2019). ("The [attorney−client] privilege does not foreclose inquiry into the fact of representation itself or the dates upon which services are rendered as long as the substance of the attorney−client relationship is shielded from disclosure."). Finally, with respect to the attachments to Dkt. 95, the Court cannot tell whether these are part of a draft document that was never provided to Mr. Khanna, or whether it was actually sent to him (in which case it would not be privileged). While completing its revision to the privilege log, Defendants are to carefully scrutinize whether there are any other similar documents that might not be wholly privileged as asserted and, if so, produce those documents or a redacted version of the same as applicable. Mindful of the depositions the parties wish to keep set before the firm 10/31/2025 fact discovery deadline, Defendants privilege log (only the portions within the narrowed date range of documents mentioned at the 9/24/2025 hearing) is to be revised by 10/7/2025. The Court does not believe any document Defendants might turn over as a result of this privilege log revision is likely to have any impact on any deposition in this case. The fact discovery deadline of 10/31/2025 remains set [Dkt. 328]. The parties are to file an updated joint status report on 11/3/2025 setting forth a proposed expert discovery schedule, if any. (rbf,

)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.