IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 21-cv-5752 |
| v. | ) ) | |
| | ) | Hon. Judge Virginia M. Kendall |
| | ) | Magistrate Judge Susan E. Cox |
| KATELYNN BANKS, *et al.*, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### DEFENDANTS BANKS & SHIMBLY'S MOTION TO BAR PLAINTIFFS FRE 26 (A)(2) DISCLOSURE OF RETAINED EXPERT STAN SMITH

Defendants Katelynn Banks and Shimbly Corporation (collectively, "Defendants"), by and through their counsel, Troy S. Radunsky & Jason E. DeVore and for their Motion to Bar Plaintiff's Rule 26(A)(2) expert disclosure pursuant to Fed. R. Civ. P. 37 (c), state as follows:

### BACKGROUND

On November 5, 2025, per Dkt #342, this Court ordered Plaintiff to disclose his experts by December 15, 2025 and that Plaintiff's experts be deposed January 20, 2026. On December 15, 2025, the plaintiff served, via an email, the disclosure of "testifying expert witness" economist, Stan Smith. **(See Ex. A)** . The email stated in part the following:

> "Mr. Smith is expected to offer opinions concerning the valuation of Shimbly and the economic damages suffered by Plaintiff. His CV can be found here: https://www.smitheconomics.com/wp-content/uploads/2025/11/Stan-Smith-CV-1.pdf " **(See Ex. B)**

Plaintiff failed to provide any required supporting documentation, other than a CV, including failure to provide reports or other records required under Rule 26 (a)(2)(B).

On December 17, 2025, counsel for movants sent a Rule 37 letter to plaintiff's counsel and requested plaintiff's compliance with Rule 26 (a)(2)(B). Defendants sought a Rule 37 conference and for

plaintiff to cure the deficient responses immediately. (See **Ex. B**) Plaintiff's counsel has not responded to movant's request or cured any deficiencies prior to this motion being filed.

## LEGAL STANDARD

**A.      The Plaintiff's Retained Expert Disclosure is Improper under Rule 26 (a)(2)(B) and Must Be Barred**

Federal Rule of Civil Procedure Rule 26 (a)(2) states,

> (2) *Disclosure of Expert Testimony.*
>
> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

## ARGUMENT

Under Rule 26(a)(2), a party that intends to rely upon an expert witness's testimony is required to furnish by a date set by the district court a report containing, among other information, "a complete statement of all opinions" the retained expert will provide, "and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(I), (a)(2)(C); *see also Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007)

In *Ciomber v. Cooperative Plus*, 527 F.3d 635 (7th Cir. 2008) the court highlighted that Fed.R.Civ.P. 26 advisory committee's note (stating that Rule 26(a)(2) expert reports must be "detailed and complete," and not "sketchy and vague"); See also *Salgado v. General Motors Corp.* 150 F.3d 735,741 (7th Cir. 1998). Importantly, a complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. . . . [It] must include `how' and why' the expert reached a particular result, and not merely the expert's conclusory opinions. *Id.*

In *Jenkins v. Bartlett, 487 F.3d 482, 487* (7th Cir. 2007) the Court held that "The purpose of the report is to "set forth the substance of the direct examination." *Jenkins* required disclosures be made within the time frame directed by the court. Fed.R.Civ.P. 26(a)(2)(C) and that a party be barred from using at trial evidence it failed to disclose without substantial justification as required by Rule 26(a), unless that failure was harmless.

The failure to comply with Rule 26(a)(2)'s requirements results in sanction: the offending party is not allowed to introduce the expert witness's testimony as "evidence on a motion, at a hearing, or at a trial." Fed.R.Civ.P. 37(c)(1); See also *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). This sanction is "automatic and mandatory'" unless the offending party can establish "`that its violation of Rule 26(a)(2) was either justified or harmless.'" *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, the plaintiff disclosed a single expert, economist, Stan Smith to offer opinions concerning the valuation of Shimbly and the economic damages suffered by Plaintiff. Other than his CV, and a vague one-line disclosure about the subject matter, Plaintiff's disclosures are woefully inadequate and fall far short of the mandatory, explicit requirements set forth in Rule 26 (a)(2)(B)(i-iii, v-vi). The plaintiff did not disclose any reports, opinions, conclusions, basis of those opinions, case retention list, or compensation, all of which are mandatory under Federal Rule of Civil Procedure 26 (a)(2)(B)(i-iii, v-vi).

Plaintiff's sketchy phrase in his disclosure that Mr. Smith "is expected to offer opinions concerning the valuation of Shimbly and the economic damages suffered by Plaintiff" is not only evasive, but raises more questions than it answers.

3

The Federal Rules are mandatory and not aspirational. Here, Plaintiff has not complied with the Rules, (which appears to be a troubling pattern following the Courts recent admonition at the last hearing), and has not sought other relief, including a motion to extend the previous deadlines. Plaintiff's disclosure is now tardy and has severely prejudiced the defendants. For these reasons, plaintiff's expert, Stan Smith must be barred.

WHEREFORE, Defendants Katelynn Banks and Shimbly Corporation requests that this Honorable Court enter an order barring Plaintiff's FRCP Rule 26 (a)(2) Expert Disclosure of retained economist, Stan Smith under Rule 37(c) because it fails to comply with the requirements set forth in Fed. R. Civ. P. 26 (a)(2)(B).

                                                Respectfully Submitted,

                                                Defendants Katelynn Banks and Shimbly Corporation

By:    */s/ Troy S. Radunsky*
           One of the Attorneys For
           Defendants Katelynn Banks and Shimbly Corporation

DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe St., Suite 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that **Defendants Motion To Bar Plaintiffs Rule 26(a)(2) Expert** was filed on December 23, 2025, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                                        *//s/ Jason E. DeVore*
                                                        Jason E. DeVore