UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KATELYNN BANKS, et al.,<br><br>Defendants. | No. 21-cv-5752<br><br>District Judge Virginia M. Kendall<br>Magistrate Judge Keri L. Holleb Hotaling |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the motion of Defendants Banks and Shimbly to Bar Plaintiff's Federal Rule 26(A)(2) Disclosure of Retained Expert Stan Smith. [Dkt. 343.] This matter has been fully briefed, and the Court on its own ordered supplemental documentation from Plaintiff concerning his purported testifying expert. [*See* Dkt. 357.] The Court is ready to rule.

**I. Relevant Factual Background**

On April 18, 2023, the District Judge in this matter referred this case to then-presiding Magistrate Judge Cox for discovery supervision. [Dkt. 137.] Magistrate Judge Holleb Hotaling took over that discovery referral on August 10, 2023 when Judge Cox retired. [Dkt. 159.]

On November 5, 2025, following the close of fact discovery, the Court adopted the parties' proposed expert discovery schedule and ordered Plaintiff to disclose his expert witnesses by December 15, 2025, and further ordered that Plaintiff's experts be deposed by January 20, 2026. [Dkt. 342.] At that time, the Court noted that "Defendant does not plan to disclose any experts." [*Id.*]

On December 15, 2025, Plaintiff served, via an email, the disclosure of "testifying expert witness" economist, Stan Smith, with a link to his CV and nothing more. [Dkt. 343-2.] On

December 17, 2025, counsel for Defendants sent a Rule 37 letter to Plaintiff's counsel letting him know of the deficiencies with his disclosure and requested Plaintiff's compliance with Rule 26(a)(2)(B). [*Id.*] Defendants sought a Rule 37 conference in response and for Plaintiff to cure the deficient responses immediately. [*Id.*] No reply from Plaintiff's counsel was forthcoming.

Then on December 31, 2025, Plaintiff's counsel sought leave to withdraw from this matter. [Dkt. 345.] On January 6, 2026 (a day later than ordered [*see* Dkt. 344]), Plaintiff filed his opposition brief *pro se*, despite the fact he was still represented by counsel at that point. [Dkt. 350.] Plaintiff's counsel was granted leave to withdraw on January 8, 2026. [Dkt. 354.] Despite Plaintiff[1] representing in his January 6, 2026 response brief that he was prepared "to cure immediately" the issues regarding his expert disclosure, he failed to take any action to do so. On January 14, 2026, the Court ordered Plaintiff to provide his retention letter with Mr. Smith and Mr. Smith's expert report for the Court's review [Dkt. 357] in connection with this motion. As detailed below, the Court soon learned that Mr. Smith was never retained, formed no opinions, and prepared no expert report.

**II. Legal Standard**

Federal Rule of Civil Procedure Rule 26 (a)(2) states in pertinent part,

> (2) *Disclosure of Expert Testimony*.
>
> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

---
[1] Plaintiff Derek Khanna is a licensed attorney.

2

> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

With respect to witnesses who provide a written report under Fed.R.Civ.P. 26(a)(2)(B), "[t]he purpose of the report is to 'set forth the substance of the [expert's] direct examination.'" *Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007). Rule 26(a)(2) expert reports must be "detailed and complete," not "sketchy and vague." *Ciomber v. Cooperative Plus*, 527 F.3d 635 (7th Cir. 2008) (citing Fed.R.Civ.P. 26 advisory committee's note). The Court may bar a party from using Rule 26(a)(2) evidence "it failed to disclose 'without substantial justification' as required by Rule 26(a), unless that failure was harmless." *Jenkins*, 487 F.3d at 488 (citing Fed.R.Civ.P. 37(c)(1) & advisory committee's note). "[T]he sanction of exclusion is *automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (emphasis added) (citing *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998)).

Finally, "[t]he required [Rule 26(a)(2)] disclosures must be made within the time frame directed by the court." *Jenkins*, 487 F.3d at 487-88.

### III. Analysis

Here, on December 15, 2025, the date by which he was supposed to disclose any expert witnesses [*see* Dkt. 342], Plaintiff's counsel disclosed a single expert, economist, Stan Smith, "to offer opinions concerning the valuation of Shimbly and the economic damages suffered by Plaintiff." The entirety of that disclosure is as follows:

> This email serves to notify you that Plaintiff hereby designates Stan Smith, PhD, of the Smith Economics Group as a testifying expert witness. Mr. Smith is expected to offer opinions concerning the valuation of Shimbly and the economic damages suffered by Plaintiff. His CV can be found here: https://www.smitheconomics.com/wp-content/uploads/2025/11/Stan-Smith-CV-1.pdf
>
> Please let me know if you wish to schedule his deposition.

[Dkt. 343-2.] As indicated by omission in Plaintiff's counsel's email, no Rule 26(a)(2)(B) written report accompanied Plaintiff's expert witness disclosure, as required by the Federal Rules of Civil Procedure. Needless to say, the majority of the information required by Rule 26(a)(2)(B)(i-vi) was also not provided, save for Stan Smith's publications, as they happen to be listed on his CV.

This disclosure is woefully inadequate and falls far short of the mandatory, explicit requirements set forth in Rule 26(a)(2)(B)(i-iii, v-vi). Plaintiff did not disclose any reports, opinions, conclusions, bases of those opinions, case retention list, or the amount of compensation the expert was to be paid, all of which are *mandatory* under Federal Rule of Civil Procedure 26(a)(2)(B)(i-iii, v-vi).

So, the Court must turn to Plaintiff's reasons for his failure to timely properly disclose his expert witness pursuant to Rule 26(a)(2) to determine whether that failure is either "justified or harmless." *Jenkins*, 487 F.3d at 488; *David*, 324 F.3d at 857. To that end, the Court ordered Plaintiff (still represented by counsel at that point) to file a response to Defendants' instant motion to bar by January 5, 2026. [Dkt. 344]. That response was not filed until January 6, 2026, and was filed *pro se*, despite the fact Plaintiff's counsel had not yet withdrawn at that point. [Dkt. 350.] The response includes no explanation for its tardiness. Plaintiff's response begins by blaming Defendants for failing to make more exhaustive meet-and-confer efforts to attempt to extract Plaintiff's expert report from him. [Dkt. 350 at 2.] This is in no way necessary, and the Court finds this argument disingenuous, and it is not well received. Particularly here, where Plaintiff, as of January 6, 2026, claimed in his brief that he was "prepared to cure immediately" the omissions of

4

his expert disclosure. [Dkt. 350 at 3.] Yet no "immediate" curative action was taken by Plaintiff (nor has it been taken to date).

Approximately a week later, the Court ordered Plaintiff to submit, by January 14, 2026, "a copy of his engagement letter with Stan Smith showing when he was retained by Plaintiff and a copy of Stan Smith's expert report." [Dkt. 357.] That "engagement letter" was submitted by Plaintiff, along with a notation reflecting that Stan Smith was first contacted on December 15, 2025 (the day Plaintiff's expert disclosure was due) and Plaintiff for the first time informed the Court that no executed version of the engagement letter exists. To wit:

> After reviewing my records and correspondence from former counsel, I have attached the engagement letter with Stan Smith (after an oral conversation December 15). Please note that there was no executed version of this letter, and no expert report was prepared.

[excerpt from D. Khanna's January 14, 2026 email to the Court.] This is a crucial omission, because Mr. Smith's engagement letter itself reflects the following:

> This agreement shall become binding upon receipt of a signed copy hereof and your retainer remittance in the amount of $3,500 payable to our firm at which time we can commence to render our services.

[Stan Smith's December 16, 2025 engagement letter to D. Khanna, attached to D. Khanna's January 14, 2026 email to the Court.] Because there is no executed engagement letter, Mr. Smith is not even a retained expert at this juncture and never rendered any services to Plaintiff. As such, Mr. Smith never formed any expert opinions in this case and clearly never drafted an expert report. Based on the facts before the Court, Plaintiff made an intentional misstatement to both the Court and to opposing counsel that this expert disclosure omission could or would be cured "immediately." Indeed, if Plaintiff could have cured the situation immediately, he would have.[2] In

---

[2] It is of no moment that "Plaintiff's former counsel was not an Illinois lawyer." When Plaintiff's counsel was admitted *pro hac vice* to practice in this jurisdiction, he agreed to abide by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois. Moreover, these are the Federal Rules of Civil Procedure Plaintiff's counsel and Plaintiff himself (also a lawyer) failed to comply with, not any Illinois or Local Rule of this Court.

substance, Plaintiff's disclosure in this case amounts to no more, really, than him saying to Defendants, "I'm thinking about hiring this guy who I talked to earlier today as my expert witness." That's it, and nothing more. It is simply nowhere near enough.

The Court cannot consider these errors justified nor harmless in this very aged 2021 case. Defendants are correct that "[t]he actions of Plaintiff align with the type of discouraged actions that prolong cases and prevent timely resolution of issues." [Dkt. 356 at 5.] Defendants (indeed, all parties, in the Court's view) are harmed the longer this protracted legal battle drags on. More concretely, Defendants are harmed because they simply could not adequately have ever prepared, based on Plaintiff's inadequate disclosure, for a deposition of Mr. Smith by the January 20, 2026 deadline set for his deposition. Defendants have also been harmed by not being able to determine during the prescribed expert discovery period if they needed to disclose a rebuttal expert witness. The Court cannot countenance any further delay here, and there is no reason to reset the expert discovery schedule in light of the facts above.

Therefore, under the Court's inherent power to make discovery rulings in this case and to issue discovery sanctions (in this case under Federal Rule 26), Defendants' motion to bar Plaintiff's "retained" expert witness Stan Smith [Dkt. 343] is **GRANTED**. With this ruling, the Court believes expert discovery is complete. Therefore, the Court schedules a final telephonic status conference on February 3, 2026 at 2:45 p.m. CT. The call in information is 855-244-8681, and the participant access code is 2315 0911 461#. The Court will discuss with the parties whether there is any remaining discovery and whether there is any possibility of settlement at this juncture before it closes its referrals.

**ENTERED: January 26, 2026**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge