**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Derek Khanna
          Plaintiff,

v.                   Case No.: 1:21−cv−05752
                  Honorable Virginia M. Kendall

Katelynn Banks, et al.
         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 3, 2026:

    MINUTE entry before the Honorable Keri L. Holleb Hotaling: Telephonic status hearing held on 2/3/2026 as well as motion hearing on Dkt. 363 (Plaintiff's motion for clarification regarding application of the agreed protective order); Dkt. 365 (Plaintiff's "emergency" motion to modify scheduling order, reopen fact discovery for a limited purpose, lift the partial stay, and continue dispositive−motion deadlines); Dkt. 370 (Plaintiff's motion to require proof of authority for counsel purporting to represent Shimbly Corporation); and Dkt. 379 (Plaintiff's motion for clarification and limited reconsideration). As to Dkt. 363 (Plaintiff's motion for clarification regarding application of the agreed protective order), there is nothing for the Court to do here and this motion is DENIED as stated in open court. As to Dkt. 365 (Plaintiff's "emergency" motion to modify scheduling order, reopen fact discovery for a limited purpose, lift the partial stay, and continue dispositive−motion deadlines), once again, the court cannot address the request therein to modify the dispositive motion schedule. As to the remainder of the motion [Dkt. 365], it is DENIED as stated in open court. Specifically, in August 2025, the Court extended the fact discovery deadline at Plaintiff's request and made clear it WOULD NOT do so again as multiple extensions had already been granted [Dkt. 328]. Plaintiff's counsel was fully litigating discovery issues throughout the fact discovery period that expired on 10/31/2025, and there is now no reason to reopen that fact discovery period simply because Plaintiff is now pro se and believes he needs further fact discovery. As to the Counts where discovery was stayed [see Dkt. 35], those claims are not before this Court as they are subject to confidential mediation as Judge Kendall also clarified at Dkt. 240 p. 5, so the Court cannot and will not lift any stay as to those claims (which, again, no longer exist before this Court). As to Dkt. 370 (Plaintiff's motion to require proof of authority for counsel purporting to represent Shimbly Corporation) that is not within this Court's referral and will be addressed by the District Judge (no further action needs to be taken on Plaintiff's part). As to Dkt. 379 (Plaintiff's motion for clarification and limited reconsideration), that motion is DENIED; the Court advises that any clarifications as they relate to trial (e.g., seeking am adverse inference jury instruction on spoilation) or dispositive motion should be brought with more specificity before the district judge. As to the limited reconsideration Plaintiff seeks as the phrase utilized by the Court in Dkt. 372 "intentional misstatement," that portion of the motion is also DENIED as Plaintiff has detailed no bases for reconsideration under Rule 54(b), see, e.g., Schloss v.

City of Chicago, No. 18–cv–1880, 2022 WL 22894220, at *1, n. 2 (N.D. Ill. Feb. 22, 2022), and Plaintiff has demonstrated no "manifest error or a change in the law, that warrants reexamination" Tyrer v. City of S. Beloit, 516 F.3d 659, 663 (7th Cir. 2008). Plaintiff has made his position clear about any "intentional misstatement" on his part in his motion [Dkt. 379], and there is no reason for the Court to alter its ruling containing this language. Finally, again, the Court cannot address the dispositive motion deadline brought up in Dkt. 379. Lastly, at the 2/3/2026 hearing, the Court again broached the issue of whether a continued settlement conference would be feasible at this juncture, and it appears it would not be fruitful at this time. Therefore, all upcoming dates before Judge Holleb Hotaling are stricken. All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned district judge for dispositive motion practice according to the dispositive motion schedule that has already been set [Dkt. 340]. Judge Holleb Hotaling no longer referred to this case. Mailed notice(maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.