**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK KHANNA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-5752 |
| | ) | |
| v. | ) | Hon. Virginia M. Kendall |
| | ) | |
| KATELYNN BANKS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**KHANNA'S RESPONSE TO THE COURT'S SEPTEMBER 22nd ORDER**

Litigation, no matter the type, can be combustible. Add the fuel of a splintered relationship, and emotions can cloud good judgment. A *pro se* lawyer—especially a novice in litigation—who enters such throes plays with fire.

Having been burned, Derek Khanna comes to the Court, hat in hand, seeking leniency. He recognizes that his missteps and failure to show restraint helped create this dilemma. Still, Khanna asserts that he has been punished enough, and that his conduct already transcends this case by jeopardizing his law license.

To that end, this Response addresses only the proposed monetary sanction and the related sanctions in Paragraphs 2 through 4 of the Court's Order. It accepts the Rule 41(b) dismissal. And other than for context and background, it avoids the discovery disputes and underlying merits. Further, Khanna accepts responsibility for his position regarding the expert witness that Judge Holleb Hotaling addressed (Dkt. 372), and admits his post-discovery motions burdened both bench and bar.

These concessions notwithstanding, no additional monetary penalty should issue. Khanna is already saddled with the unenviable prospect of a dismissal with

prejudice, almost three years of Defendant's fees and costs, (along with six years of legal expenses of his own), 50 hours of ethics CLE, and the specter of a California State Bar inquiry. Moreover, an additional $75,000 fine is not authorized by 28 U.S.C. § 1927, would be punitive in a way that triggers procedural protections, and exceeds the aim of Rule 11(c)(4): a sanction "limited to what suffices to deter repetition of the conduct." Alternatively, Khanna asks the Court to convey the authority for any fine, set an evidentiary hearing, and consider his ability to pay before assigning an amount.

**BACKGROUND**

Khanna had representation from the start of this case until counsel's withdrawal was granted January 8, 2026. (Dkt. 354). When counsel withdrew, the Court gave Khanna several weeks to find alternative counsel. Khanna first appeared *pro se* on January 6, 2026. (Dkt. 350). A month later, Khanna moved to dismiss voluntarily per Rule 41(a)(2). (Dkt. 382). Defendant Katelynn Banks cross-moved for dismissal with prejudice and for sanctions under 28 U.S.C. § 1927. (Dkt. 385). Banks did not invoke Rule 11 or the Court's inherent authority.

On September 22, 2026, the Court denied Khanna's motion, granted Banks', and found violations of § 1927 and, *sua sponte*, Rule 11. (Dkt. 395 at 31-41). That Order imposed five sanctions: (1) a rule to show cause why Khanna should not be sanctioned up to $75,000; (2) payment of all Banks' fees, costs, and expenses from December 19, 2023, to the present, with leave for Banks to seek earlier fees; (3) 50 hours of legal-ethics CLE; (4) transmission of the Order to the California State Bar's

Trial Counsel; and (5) dismissal with prejudice. (*Id*. at 42). The Order did not identify the payee of the proposed $75,000 sanction, the authority under which it would issue, or whether its aim was to compensate Banks or punish Khanna.

**ARGUMENT**

I. No Identified Authority Supports A Fine.

Respectfully, the Order misconstrues § 1927. That statute is limited to only compensation for excess costs. Specifically, it permits a court to require a lawyer "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. It is compensatory by its terms and contains no authority to impose a penalty payable to a tribunal or a sum untethered to fees actually incurred. Yet here, Paragraph 2 of the Order already awards Banks her fees and costs since December 19, 2023. Any further sum under § 1927 would either duplicate that award or exceed what the statute provides for.

Section 1927 sanctions are further limited to "counsel's liability for excessive costs," as its namesake reflects. The law reaches only the multiplying conduct of the lawyer being sanctioned. *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). So § 1927 cannot shift fees for that period to Khanna personally. Khanna was represented by counsel until January 8, 2026. (Dkt. 354). Yet the award runs from December 19, 2023. While the Order invokes *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), and *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845 (7th Cir. 2009), (Dkt. 395 at 22, 36), those matters concern binding a client to counsel's defaults on the merits. They do not

involve imposing personal §1927 liability on a client for counsel's conduct.

It is also unclear why the fees start on December 19, 2023. Khanna sees no basis in the record for this almost three-year timeframe. If fees are to be awarded, they should at a minimum be limited to when Khanna was *pro se*. The start date should thus be January 8, 2026, not December 19, 2023.

Next, a fine under the Court's inherent authority would be punitive. A sanction is civil if it compensates the opposing party for losses or coerces future compliance; it is criminal if it punishes completed conduct and is not purgeable. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994); *Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988). The Supreme Court has applied that line to inherent authority sanctions: a court may award compensatory fees under its inherent power through civil means, but a sanction that exceeds compensation is punitive and requires criminal procedural protections. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Courts have vacated substantial inherent authority fines for that reason. *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 128-30 (2d Cir. 1998); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-39 (9th Cir. 2001).

The proposed sanction of up to $75,000 embodies a criminal penalty. It provides a fixed sum for completed conduct. It cannot be purged. It is not measured by or tied to any loss suffered by Banks, whose losses Paragraph 2 already encompasses. Further, the Order describes it as a "penalty" that must be "proportionate to the wrong" (Dkt. 395 at 41), and reiterates that point on the

following page. (Dkt. 395 at 42). If the Court is acting under its inherent authority, *Bagwell* warrants a notice of the charge, proof beyond a reasonable doubt, and other protections afforded in criminal contempt proceedings. *See* FED. R. CRIM. P. 42(a). Because those have not been provided here, no fine should issue. Also, per *Bagwell* and *Goodyear*, a sizable non-compensatory fine for completed conduct can be criminal in nature, necessitating criminal procedural protections.

Finally, the Order does not articulate the basis for the fine. The proposed fine of up to $75,000 is silent on the underlying legal support. Because § 1927 cannot sustain a fine and the inherent authority route requires procedures not yet afforded, the only remaining source is Rule 11(c)(4), which permits "an order to pay a penalty into court" and is addressed below. Further, Khanna asks the Court to specify the authority for the fine.

## II. Rule 11 Does Not Support An Additional $75,000 Penalty.

Three flaws undermine any basis for Rule 11 sanctions. First, under Rule 11(c)(2) & (5), fees paid to the opposing party are available only when sanctions are imposed *on motion*. No such motion was filed here. Second, Rule 11(c)(3) requires a show cause order describing the specific conduct before a court finds a violation. Here, the Court found Rule 11 violations and imposed non-monetary sanctions in the same order that first gave notice. Third, discovery motions fall outside Rule 11.

### A. Rule 11 sanctions are capped by deterrence, and the existing sanctions already deter.

Courts deploy Rule 11 sanctions cautiously so as not to "chill vigorous advocacy." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). Rule 11

assesses inquiry in context, including "how much time for investigation was available to the signer" and reliance on another lawyer. FED. R. CIV. P. 11 advisory committee's note. The Seventh Circuit has specified that investigation time, receipt of the case from another attorney, factual complexity, and ability to investigate are relevant. *Divane v. Krull Electric Co., Inc.*, 200 F.3d 1020, 1028 (7th Cir. 1999). Ultimately, a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). The rule is for deterrence, not compensation or punishment. *Cooter & Gell*, 496 U.S. at 393 (1990); *Eberhardt v. Walsh*, 122 F.4th 681, 686 (7th Cir. 2024). The Advisory Committee specifies whether the conduct was willful or negligent, infected the entire pleading or one filing, whether the person has previously engaged in similar conduct, and "what amount, given the financial resources of the responsible person, is needed to deter that person." FED. R. CIV. P. 11 advisory committee's note.

Applying these factors confirms a further fine is unnecessary. When Khanna lacked clarity on the appropriate rules, he did not just proceed. Rather, Dkt. 363 shows him petitioning the Court for clarification. When the Court warned Khanna not to further file discovery motions, Khanna complied. Shortly thereafter, Khanna elected to dismiss his own case noting his inability to continue to litigate this matter without counsel. This reflects a substantive change of behavior. As part of his punishment, he lost the case on the merits. He must also pay Banks' fees and costs for nearly three years of litigation, a figure running into the hundreds of thousands of dollars. (Dkt. 385 at 10). Given that Khanna's Adjustable Gross

Income last year was $25,850, this is an astronomical sum for him. *See* Khanna Declaration attached here as Exhibit A at ¶ 28 and IRS tax filing. He must also complete 50 hours of ethics CLEs. And his conduct has been referred to the State Bar, which carries independent professional consequences. Each measure individually is significant. And each one deters. Collectively, they are among the most severe sanctions a civil litigant can face. Because Rule 11(c)(4) caps any sanction at what suffices to deter, the measures are weighed together. And a $75,000 penalty layered on top would foster punishment, not deterrence.

B. *Sua sponte* sanctions warrant a heightened showing.

Banks did not move under Rule 11. This is important because when a court acts on its own, the opposing party has had no safe-harbor opportunity to withdraw the challenged position, and the Advisory Committee expect such show-cause orders to issue "only in situations that are akin to a contempt of court." FED. R. CIV. P. 11 advisory committee's note to 1993 amendment. Courts following that guidance have required a heightened showing before imposing *sua sponte* monetary sanctions. *See, e.g., In re Pennie & Edmonds LLP*, 323 F.3d 86, 90-91 (2d Cir. 2003); *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002). Additionally, Rule 11(c)(3) contemplates that the show cause order will precede the finding of a violation, giving the party an opportunity to explain why "conduct specifically described in the order has not violated Rule 11(b)." Here, that critical opportunity was not given. The findings were made in the same Order that first gave notice. Khanna thus asks the Court to treat this Response as his Rule 11(c)(3) opportunity

and to weigh it before fixing any monetary sanction.

C. Khanna's ability to pay weighs against the proposed amount.

Khanna's financial circumstances are set out in the attached declaration and tax form. Khanna Decl. at ¶ 28 and IRS tax filing. A fine that cannot realistically be paid, stacked on a fee award of this size, deters no more than the fee award alone. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (ability to pay is a mitigating factor in setting Rule 11 monetary sanctions).

D. Rule 11 does not reach the motions on which the Order targets.

Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." FED. R. CIV. P. 11(d). Discovery concerns are instead governed by Rules 26(g) and 37, which carry their own standards. FED. R. CIV. P. 26(g) & 37. Yet, the Order treats all seven post-discovery filings as a single body of Rule 11 violations. (Dkt. 395 at 38). This misconstrues Rule 11 as several are discovery motions:

- the motion to compel interrogatory answers and document production (Dkt. 359), brought under Rule 37(a);
- the motion for sanctions and an order to show cause based on alleged noncompliance with discovery orders and ESI obligations (Dkt. 361); and
- the motion for clarification of the Protective Order (Dkt. 363).

Further, the emergency motion (Dkt. 365) and the motion for clarification and limited reconsideration (Dkt. 379) are also discovery related as they objected to

the denial of the motion to compel, sought to reopen discovery, and sought leave to file a spoliation motion. Likewise, the expert witness issue appeared in Khanna's response to a motion to bar his expert under Rules 26(a)(2) and 37(c)(1). (Dkts. 343, 350). The Magistrate Judge already sanctioned Khanna for that conduct under Rule 37 by barring the expert. (Dkt. 372).

Thus, at most, Rule 11 reaches the motion for leave to file a Third Amended Complaint (Dkt. 358) and the motion regarding counsel's authority to represent Shimbly (Dkt. 370). Because any Rule 11 penalty is limited to what suffices to deter the conduct Rule 11 governs, see Fed. R. Civ. P. 11(c)(4), a possible $75,000 fine calibrated to the entire course of post-discovery motion practice cannot rest on Rule 11. And for the reasons outlined above, neither § 1927 nor the Court's inherent authority can supply such a fine without adhering to *Bagwell* and *Goodyear*.

E. Much of the conduct preceded Khanna's *pro se* appearance.

Again, Khanna had a lawyer from December 19, 2023 until January 8, 2026. (Dkt. 354). Thus, Rule 11 does not provide relief here. It cannot support such an award because fees payable to the movant are available only when sanctions are "imposed on motion." *See* FED. R. CIV. P. 11(c)(4). Banks did not move pursuant to Rule 11. As such, any inherent authority award is limited to fees the sanctioned misconduct caused. *Goodyear*, 581 U.S. at 108-10. Yet the Order here does not explain the December 19, 2023 start date when counsel continued steering the ship for another three years or tie the award to specific misconduct during that time.

Notably, the Order's Rule 11 findings rest mainly on the seven motions filed

between January 15 and January 28, 2026. (Dkt. 395 at 38-41). Conduct during the period of representation by counsel is improper for a Rule 11 penalty personally against Khanna because Rule 11 runs to the person who signed or presented the paper. FED. R. CIV. P. 11(b), (c)(1). As such, any fine or fee award should be confined to papers Khanna himself signed. Finally, Khanna objects that the Rule 11 findings were made without the prior notice Rule 11(c) requires.

III. The Motions Had Arguably Viable Factual And Legal Bases.

The Order states that Khanna violated the Court's scheduling order and Federal Rules of Civil Procedure 16(b)(4), (f)(1)(C). The culprits were Dkts. 358, 359, 361, 363, 365, and 370, filed without leave of Court and after the close of discovery. (Dkt. 328; Dkt. 342). However, the Order did not provide clear notice to Khanna on whether the Motions had frivolous factual or legal claims. Khanna contends they were well grounded and filed in good faith.

Admittedly, Khanna disregarded proper protocol, and apologizes for this failing. However, context is important. And Khanna performed a reasonable inquiry, including reviewing the scheduling order and researching case law on whether he could request post-cutoff relief. Khanna Decl. ¶ 6. Additionally, *Feit Electric Co., Inc. v. CFL Technologies*, supports the narrower proposition that discovery motion timeliness depends on a reasoned, discretionary assessment of delay and justification. No. 13-cv-9339, Dkt. 399, at 6-7 (N.D. Ill. Oct. 22, 2025). This review was conclusive that filing these motions after fact discovery was not precluded with a sufficient basis. Khanna then evaluated his factual basis versus

that of the cases he read, and found his basis reasonable and within scope of the existing case law. This was the central legal question that Khanna evaluated, he did not ignore it. Dkt. 359 acknowledged the cutoff and requested relief under Rules 16(b)(4) and 6(b)(1)(B). (Dkt. 359 at 8-12). Dkt. 365 then addressed the January 22 denial and sought schedule modification. (Dkt. 365 at 1, 4-9, 13-14).

Khanna's understanding was arguably informed by the parties' November 4 report, which noted that fact discovery was both closed while also noting ongoing written-discovery issues. (Dkt. 341). Khanna understood this to be consistent with the case law he had read. The ensuing January conference with opposing counsel also informed Khanna's understanding. (Khanna Decl. ¶¶ 6, 8; Dkt. 356-1). This reflects diligence and efforts to comply with the law. And as shown in the Khanna's attached Declaration, and below, there were arguably colorable bases for Khanna's motions. Each is addressed in turn.

A. Dkt. 363: protective-order clarification

Dkt. 363 sought guidance under the protective order before using disputed material. Dkt. 363 at 1-3, 12-15; Khanna Decl. ¶¶ 16, 18. Paragraph 2 of Dkt. 52 provides that "documents that are available to the public may not be designated as Confidential Information." Despite this, there was a disagreement on the use of public information, and before seeking summary judgment, Khanna's reasonable inquiry indicated that the protective order required clarification from the Court, which he obtained. Dkt. 52 ¶ 10.

B. Dkt. 358: proposed amendment responding to October dismissal

Dkt. 358 identified Dkt. 339, properly omitted demand futility, and sought leave under Rules 15 and 23.1 to plead wrongful refusal and revised punitive relief, with scheduling relief under Rules 16 and 6. Dkt. 358 at 1-4, 1011. Khanna's purpose and preparation are set forth in Khanna Decl. ¶¶ 5, 8, 9. His reasonable inquiry identified that this would address the deficiencies noted by the Court, that the Court had not dismissed these claims with prejudice allowing for a Motion to Amend with Leave. Khanna noted the delay in filing, and his reasonable inquiry provided the specific language and threshold necessary: Khanna wrote his Motion to meet this threshold, and upon finding a reasonable basis, filed it.

C. Dkt. 365: request to modify the schedule after Dkt. 364

Dkt. 365 responded to Dkt. 364's January 22 untimeliness ruling by requesting schedule modification the next day. It acknowledged the cutoff and addressed good cause, excusable neglect, diligence, and attribution of counsel's conduct. (Dkt. 365 at 1-10, 13-14). It requested reopening of expired fact discovery, modification of the partial stay, and continuation of the still unexpired January 30 dispositive motion deadline. (*Id*. at 11-14). Dkt. 381 rejected reopening. Banks also sought a modification of the Court schedule in Dkt. 378. Both parties' motions (Dkts. 365 and 378) differed in duration and breadth, but both cited counsel withdrawing as a factor. Khanna performed reasonable inquiry, including research into the threshold for changing these deadlines, particularly Dkt. 365 at 12, where he stated that "no summary-judgment work was undertaken by former counsel before withdrawal." Khanna reasonably believed this and other cited factors as a

reasonable basis for his request under applicable law, specifically comparing it to the other factors cited and granted and noting this as vastly more significant.

D. Dkt. 370: corporate authority, derivative posture, and privilege control

The January reply filed in Banks' and Shimbly's names supplied a present representation issue. (Dkt. 356 at 1). The request also related to the attempted restoration of derivative standing through Dkt. 358. Dkt. 370 addressed derivative-action conflicts at pages 5 and 7-10 and stated at page 10 that derivative claims depended on the pending motion. Its proposed independent corporate representation and neutral decision making concerned who could act for Shimbly; its proposed receiver would preserve the corporate property and evidence while those issues were resolved. (Dkt. 370 at 9-15). Khanna believed that Shimbly might not be behind the filings, prompting the position there was a reasonable purpose to request proof of authorization. Khanna performed reasonable inquiry here, to evaluate the factual and legal issues. His research established that asking for a receiver required a threshold showing of malfeasance. For that reason, Khanna martialed appropriate evidence to meet that high burden. There was a reasonable purpose here: Khanna believed that recovery would be through Shimbly.

E. Dkt. 379: prospective guidance and limited reconsideration of intent

Dkt. 379 identified Dkts. 364, 372, and 375, and sought guidance or leave before filing a proposed spoliation motion. It also sought reconsideration of the misstatements' characterization while declining to seek reversal of expert exclusion. (Dkt. 379 at 2-5). The motion acknowledged the deficient disclosure, explained the

intended meaning of the cure language, and apologized for the mistake. (*Id*. at 3-5, 7-9; Khanna Decl. ¶ 11). This motion aimed to correct manifest errors of law or fact or to present newly discovered evidence. *See Rothwell Cotton Co. v. Rosenthal & Co*., 827 F.2d 246, 251 (7th Cir. 1987). Khanna's reasonable inquiry led him to believe that this motion was appropriate as it involved facts and information not before the Court originally and reasonably concluded there was a potential substantial error of fact. Additionally, he wanted to apologize to the Court for his mistake.

In sum, Khanna asserts he had what he perceived were reasonable, although ultimately futile, litigation purposes for his Motions. He thus should not be punished for what he believed were good faith designs.

IV. Alternatively, The Court Should Specify Its Authority And Hold A Hearing Before Fixing Any Amount.

If the Court rejects Khanna's contentions, he respectfully requests an evidentiary hearing. Due process requires notice of the specific conduct and the authority for a sanction, and a meaningful opportunity to respond, before a sanction issues. *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1494-95 (7th Cir. 1989). That need is greatest where the findings rest on credibility judgments drawn from a paper record. Such is the case here. To that point is the Order's finding that Khanna's account of counsel's task specific nonperformance, his knowledge of it, or his asserted diligence was false. (Dkt. 395 at 38-40).

Additionally, if the Court is inclined to impose any monetary sanction beyond Paragraph 2, Khanna respectfully requests that it:

1. Identify whether the Court proceeds under Rule 11(c)(4) or its inherent authority, and who the sum is payable to;
2. If the Court proceeds under its inherent authority with a non-compensatory sum, afford the protections *Bagwell* and *Goodyear* articulate;
3. Set an evidentiary hearing at which Khanna may testify and present evidence on the disputed findings and on his ability to pay; and
4. Defer fixing any fine until the Paragraph 2 fee award is quantified.

## CONCLUSION

Khanna went lawyer-less for a month. Khanna is not a litigator, and when he quickly realized he was out of his element, he surrendered and apologized to the Court. This is not an instance of repeated abuses and defiance of court warnings. Given this context, the heavy hand of sanctions and attorneys' fees should thus be tempered. Khanna also apologizes to the Court, Banks, and defense counsel for the resources wasted. Khanna should have sought clarification from the Court on scheduling and fact discovery questions. Finally, Khanna should not have filed his expert witness statement without proper review and recognizes that his statement was improperly drafted.

For these reasons, the Court should discharge the rule to show cause and decline to impose any monetary sanction beyond Paragraph 2 of the Order. In the alternative, the Court should identify the authority for any fine, set an evidentiary hearing, and defer fixing any amount until the fee award is quantified.

October 6, 2026

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St., Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on October 6, 2026 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St., Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com