**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK KHANNA, individually and derivatively on behalf of Shimbly Corporation, | ) | No. 21 C 5752 |
| *Plaintiff*, | ) | Chief Judge Virginia M. Kendall |
| v. | ) | |
| KATELYNN BANKS et al., | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

On September 22, 2026, the Court ordered Plaintiff Derek Khanna "to show cause why he should not be sanctioned up to $75,000 . . . within 14 days of this order"—i.e., by October 6, 2026. (Dkt. 395 at 42). Khanna's latest attorney filed an appearance two days before the deadline on October 4, 2026. (Dkt. 397). Khanna then sought leave to file a motion for extension of time to file any response to the Court's rule to show cause order. (Dkt. 398). Defendant Katelynn Banks opposed this motion. (*Id.*) The Court took it under advisement. (Dkt. 400). Khanna filed his response to the Court's rule to show cause order on October 6, 2026. (Dkt. 403). Khanna then filed a motion for leave to file an amended response to the rule to show cause order. (Dkt. 407). Khanna did not indicate whether this motion was opposed. (*Id.*) On October 7 and 8 two CM/ECF entries were docketed stating that Khanna's motion for an extension of time and motion to file an amended response to the rule to show cause order were granted. (Dkts. 404, 409). These are erroneous clerical errors and are withdrawn. The Court **DENIES** Khanna's motion for extension of time and motion to file an amended response. (Dkts. 398, 407).

Khanna failed to show good cause. Under Federal Rule of Civil Procedure 6(b)(1)(A), "the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Both Khanna's motion for extension of time and motion to file an amended response are deficient. (Dkts. 398, 407). Khanna cites not a single case supporting his position. (*Id.*) Rather, he decided to wait until the eve of the deadline to comply and chose to retain an attorney at the eleventh hour. (*Compare* Dkt. 395 *with* Dkt. 397) (Khanna taking no action for twelve days despite being ordered to file a response to the rule to show cause order within fourteen days). Khanna's sole justification for a showing of good cause is that his attorney "needs additional time." (Dkt. 398, ¶ 4); (Dkt. 407). This fails. Khanna has consistently shown a willful disregard for the Court's orders. (Dkt. 395). Despite facing sanctions, Khanna's conduct has not changed. The Court will not tolerate any more flippancy. Even assuming Khanna took steps to find an attorney, that alone is insufficient because merely "searching for an attorney—even if [the Court were to] credit [that assertion]—does not demonstrate excusable neglect or good cause" *ipso facto*. *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 432 (7th Cir. 2019); *see also Sharma v. Big Limos MFG, LLC*, 2017 WL 2779798, at *4 (N.D. Ill. June 27, 2017) ("neither an attorney's lack of diligence nor a party's delay in retaining counsel is sufficient [good] cause"); *Lyons P'ship, L.P. v. Welle*, 2010 WL 680877, at *2 (N.D. Ill. Feb. 22, 2010) (finding no good cause when a party waited until the day of the deadline to retain an attorney, even in the face of apparent financial hardship and other hurdles). The Court will no longer indulge Khanna's revolving-door-of-counsel excuse—this routine has gone on long enough.

If that were not all, Khanna presented no basis why he waited until the eve of the deadline to comply. For example, Khanna failed to explain why he could not have immediately sought an extension *pro se*. (Dkts. 398, 407). He similarly failed to explain why he waited until the eve of

the deadline to retain an attorney. (*Id.*) "When parties wait until the last minute to comply with a deadline, they are playing with fire." *Elda Arnhold & Byzantio, L.L.C. v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 708 (7th Cir. 2002) (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (rejecting argument where litigant waited until the eve of the deadline to comply)).

Neither of Khanna's motions comply with the local rules nor the Court's *Standing Order*. Khanna's motion for extension of time was required to "include the reasons for the request." *Chief Judge Kendall Standing Order – Motion Practice* ("*Standing Order*"). Khanna's lone reason was that his attorney needed more time—no doubt due to Khanna's delay. To the extent that is his full basis, it stands rejected for the reasons above; to the extent Khanna had additional bases, his failure to include them violates the Court's *Standing Order* and is denied on that basis as well. Khanna's motion to amend his response does not even indicate whether it was opposed nor whether he conferred with opposing counsel prior to filing. *See id.* Given that Banks already opposed Khanna's motion for extension of time, the Court finds it implausible that she would suddenly be ok with Khanna getting yet *another* opportunity to fix his mistakes. Khanna cannot continue to feign ignorance of the rules when his own violations of those rules are what put him in this situation in the first place. Again, "[t]his Court requires strict compliance with its local rules" and *Standing Orders*. *Khanna v. Banks*, 2026 WL 2836748, at *15 (N.D. Ill. Sept. 22, 2026).

## CONCLUSION

The Court **DENIES** Khanna's motion for extension of time (Dkt 398) and motion to file an amended response. (Dkt. 407). The Court orders the clerk to withdraw the CM/ECF entries at Dkts. 404, 409. The Court will entertain no additional requests for extension of time. The Court expects the parties to review its September 22, 2026, Order carefully and to comply with it diligently and in full.

Virginia M. Kendall
United States District Judge

Date: October 13, 2026